# EXHIBIT A

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of Human Rights

**Judiciary Square Office**
441 4th Street, NW Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 • Fax:(202) 727-9589



**Kenneth L. Saunders**
Director

**Penn Branch Office**
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559 • Fax:(202) 645-6390

## DETERMINATION ON COMPLAINANT'S REQUEST FOR RECONSIDERATION

June 30, 2005

Mr. Charles Bagentose
1019 Butterworth Lane
Upper Marlboro, MD 20774

Reference:   *Charles Bagentose v. DC Public Schools*
             Docket No.: 96-263-DC (CN)
             EEOC No.: 10C950203

Dear Mr. Bagentose:

On or about January 3, 2005, the Office of Human Rights (hereinafter "the OHR") received your request for reconsideration of its "**REVERSAL(S)** of the findings of **PROBABLE CAUSE**" in the Final Summary Determination, dated December 17, 2004. You are referred to as "**COMPLAINANT**." DC Public Schools is referred to as "**RESPONDENT**."

Pursuant to the District of Columbia Human Rights Act of 1977, D.C. Code § 2-1401.01 *et seq.* (2001 Edition) ("DCHRA"), and 4 DCMR §§ 114.3 and 719, the OHR has reviewed your Request for Reconsideration of its "**REVERSAL**" of the Probable Cause Findings in the Final Summary Determination in the above-referenced case. The following determination is issued on behalf of the OHR.

I.    **JURISDICTION**

The OHR is empowered to investigate complaints of discrimination on the basis of 16 protected categories in the areas of employment, housing, education and public accommodations. However, any complaint of discrimination filed pursuant to the DCHRA shall be filed with the OHR within one year of the occurrence of the unlawful discriminatory practice, or the discovery thereof, except for cases filed against the District of Columbia government. The aforementioned requirements are jurisdictional;

412

*Charles Bagentose v. DC Public Schools*
Docket No.: 96-263-DC (CN)
EEOC No.: 10C950203
Page 2 of 4

therefore, if Complainant fails to meet the requirements, the OHR does not have jurisdiction over the claim.

## II.   STANDARD FOR RECONSIDERATION

A Complainant who files a complaint of discrimination against a District of Columbia agency, and who receives a "No Probable Cause" determination, must file a request for reconsideration within 15 days of receipt of the OHR's Summary Determination in order for the request to be timely. 4 DCMR § 109.5. The Complainant may request reconsideration of the determination based upon new evidence, misapplication of the law or misstatement of the facts. Newly discovered evidence is evidence that: (1) is competent, relevant, and material; (2) was not reasonably discoverable prior to issuance of the final decision by the Director; and (3) would alter the ultimate outcome in the case, if credited. If the request for reconsideration is untimely or is not based on one or more of the aforementioned grounds, the request for reconsideration shall be denied. 4 DCMR § 109.3.

## III.   PROCEDURAL POSTURE

On February 23, 1995, Complainant filed a complaint of discrimination based on age (66) and race (White) when he received a satisfactory performance rating during the school years 1993-1994 and 1994-95 while under the supervision of the Principal at the School Without Walls. Complainant also asserted that the was retaliated against for filing a discrimination complaint with the OHR in February of 1995, when he was reassigned from the School without Walls to Jefferson Junior High School on September 1, 1995. Complainant's retaliation complaint also relates to his being designated to be riffed by the Respondent on June 18, 1996.

On June 9, 2004, the OHR issued its Letter of Determination finding that probable cause existed that Complainant was a victim of retaliation for filing a February 1995 complaint with the OHR, by being transferred to Jefferson Junior High School within six (6) months after the filing the complaint of discrimination. The LOD also found probable cause that Complainant was a victim of retaliation for filing his February 1995 complaint with the OHR when Respondent designated Complainant to be riffed on June 18, 1996.

On January 8, 2004, the Director of OHR determined that the claim of retaliation needed to be further investigated to determine if the administrator at the School without Walls had knowledge of Complainant's complaint when Complainant was transferred. Thus, pursuant to Title 4 DCMR § 109.7, the matter was transferred to an independent hearing examiner to conduct a limited formal hearing so that the Director could make a final summary determination from the record with additional facts concerning Complainant's transfer. The issues the Director wanted addressed for the limited hearing were: (1) Whether anyone at the School without Walls had knowledge of Complainant's February 1995 complaint; and (2) What, if any, back pay Complainant was entitled.

413

*Charles Bagentose v. DC Public Schools*
Docket No.: 96-263-DC (CN)
EEOC No.: 10C950203
Page 3 of 4

The limited hearing was held on July 13, 2004. The issue of back pay was held in abeyance pending a decision from the DC Court of Appeals. Therefore, the sole issue addressed during the hearing was whether the District of Columbia Public Schools administrators at the School Without Walls had knowledge of Complainant's February 1995 complaint. By letter dated November 8, 2004, the Hearing Examiner issued proposed recommendations and finding to the OHR Director and to all parties. On November 23, 2004, the Director of the OHR received a Proposed Substitute Order of Findings and Arguments from the Complainant.

On December 17, 2004, the Director of the OHR reversed the Letter of Determination finding that there was probable cause to find that the Respondent retaliated against Complainant when it transferred him in September of 1995. Additionally, the OHR Determination that there was probable cause to find that Respondent retaliated against the Complainant when it designated Complainant to be riffed on June 18, 1996 was also reversed. Both hearings established that retaliation did not exist when these incidences occurred because the Principal of the School Without Walls was not aware of the February 23, 1995 complaint filed with the OHR.

## III. ANALYSIS

Complainant filed a timely request for reconsideration. However, Complainant's claim for reconsideration must fail because Complainant does not proffer new evidence, nor does he demonstrate a misstatement of fact or a misapplication of law. Complainant makes a number of allegations. In the reconsideration, Complainant states that the protected activity was Complainant's 1994 EEO complaint, not the 1995 OHR complaint. To begin, Complainant's disagreement with the facts of his 1996 determination is not an issue in the Summary Determination. Any factual disputes should have been raised at the time of the Discrimination Complaint. Second, the OHR already determined that the 1994 issue was untimely.[1] Therefore, it was not an issue to be considered during the hearing for the Summary Determination.

In addition, the Complainant formulates a number of arguments regarding the reasonableness and scope of inquiry of the hearing process and cross examination. The Complainant also makes a number of unsubstantiated allegations against the OHR. None of the information submitted is competent, relevant or material to the case. Nor would any of the information alter the ultimate outcome of the case. Accordingly, the OHR will affirm its decision.

Complainant's request for reconsideration of the Final Summary Determination's "REVERSAL" of the probable cause findings of the Letter of Determination is

---

[1] Even if the OHR had considered this issue, it is unlikely that it would have found a causal connection between an event occurring in September 1994 and Complainant's adverse actions in September 1995 and June 1996.

414

*Charles Bagentose v. DC Public Schools*
Docket No.: 96-263-DC (CN)
EEOC No.: 10C950203
Page 4 of 4

**GRANTED.**

For the foregoing reasons:
(1) The OHR's "REVERSAL" of the **PROBABLE CAUSE** finding that Complainant was a victim of retaliation for filing his February 1995 complaint with the OHR when Respondent transferred him from School Without Walls in September 1995 is **AFFIRMED**;

(2) The OHR's "REVERSAL" of the **PROBABLE CAUSE** finding that Complainant was a victim of retaliation for filing his February 1995 complaint with the OHR when Respondent designated Complainant to be riffed on June 18, 1996 is **AFFIRMED**.

**It is so ordered.**

This letter concludes the review process of the OHR. Pursuant to Agency Rule 1 of Section XV of the Rules of Civil Procedure for the Superior Court of the District of Columbia, Complainant has thirty (30) days from the date of this Determination on Complainant's Request for Reconsideration to file an appeal with the District of Columbia Superior Court.

Sincerely,

Kenneth L. Saunders
Director

cc:   Office of the Attorney General for the District of
      Columbia
      One Judiciary Square
      441 4th Street, NW
      Suite 1060 North
      Washington, DC 20001
      Attn: Kevin Turner, Esq.

415