# EXHIBIT D

Service: **Get by LEXSEE®**
Citation: **888 a2d 1157**

*888 A.2d 1155, \*; 2005 D.C. App. LEXIS 639, \*\*;*
*23 I.E.R. Cas. (BNA) 1450*

CHARLES M. BAGENSTOSE, APPELLANT, v. DISTRICT OF COLUMBIA OFFICE OF EMPLOYEE APPEALS, APPELLEE. DISTRICT OF COLUMBIA PUBLIC SCHOOLS, INTERVENOR.

No. 04-CV-780

DISTRICT OF COLUMBIA COURT OF APPEALS

888 A.2d 1155; 2005 D.C. App. LEXIS 639; 23 I.E.R. Cas. (BNA) 1450

September 22, 2005, Argued
December 8, 2005, Decided

**PRIOR HISTORY:** [\*\*1] Appeal from the Superior Court of the District of Columbia. (MPA-10-03). (Hon. Frederick H. Weisberg, Trial Judge).

### CASE SUMMARY

**PROCEDURAL POSTURE:** The District of Columbia Superior Court entered an order that denied appellant employee's petition for review of the office of employee appeals board that upheld the initial decision of the office of employee appeals that it lacked jurisdiction to review his reduction-in-force claim. The employee appealed.

**OVERVIEW:** The employee had been a teacher with the local public school system. He received a notice that he would be laid off on a certain date due to a reduction-in-force (RIF). The notice also stated that he could appeal any failure by the local public school system to follow certain RIF procedures. Too, the notice added that the employee could retire if he was eligible. The notice did not mention that if he opted for retirement, he could not challenge the proposed RIF. He noted an appeal of his proposed RIF with the office of employee appeals (OEA) and subsequently also submitted a retirement application. His retirement then became effective. After an OEA hearing, the administrative judge ruled that he had failed to show that his retirement was involuntary. He appealed that decision to the OEA Board, which affirmed the initial OEA order. The trial court then denied his petition for review. On further review, the appellate court found that substantial evidence in the record supported the OEA's decision that found it lacked jurisdiction to review the employee's RIF claim because he chose to retire rather than be terminated due to the RIF.

**OUTCOME:** The trial court's denial of the employee's petition for review was affirmed.

**CORE TERMS:** retirement, notice, retire, involuntary, terminated, effective, pension, retired, personnel, substantial evidence to support, right to appeal, phone call, retiring, mislead, misled, counselor, eligible

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Administrative Law > Judicial Review

Administrative Law > Judicial Review > Reviewability > Jurisdiction & Venue

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions

HN1± A reviewing court may rule on the merits of a case without first deciding a jurisdictional question. More Like This Headnote

Administrative Law > Judicial Review > Standards of Review > Abuse of Discretion

Administrative Law > Judicial Review > Standards of Review > Arbitrary & Capricious Review

Administrative Law > Judicial Review > Standards of Review > Substantial Evidence

Governments > Local Governments > Employees & Officials

HN2± A reviewing court reviews a trial court's ruling on an office of employee appeals (OEA) decision in the same fashion in which it would review an OEA decision if it were appealable directly to the reviewing court. A court should examine the agency record to determine whether there is substantial evidence to support OEA's findings of fact, or whether OEA's action was arbitrary, capricious, or an abuse of discretion. An employee has the burden of proving that his retirement was involuntary since a retirement request initiated by an employee is presumed to be a voluntary act. More Like This Headnote | Shepardize: Restrict By Headnote


**COUNSEL:** Charles M. Bagenstose, Pro se.

Mary L. Wilson, Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General, and Edward E. Schwab, Deputy Attorney General, were on the brief for intervenor.

**JUDGES:** Before TERRY and REID, Associate Judges, and BELSON, Senior Judge.

**OPINION BY:** BELSON

**OPINION:** [*1156] BELSON, *Senior Judge*: Appellant, Charles M. Bagenstose, appeals an order of the trial court which denied his petition for review of a decision of the Office of Employee Appeals Board upholding the initial decision of the Office of Employee Appeals ("OEA") that it lacked jurisdiction to review his reduction-in-force ("RIF") claim because he had retired rather than be terminated as a result of a RIF. Bagenstose contends that his retirement was involuntary due to duress [*1157] and misrepresentation. We are unpersuaded by his arguments and affirm. [**2]

Bagenstose was formerly a mathematics teacher with the District of Columbia public school system ("DCPS"). On June 19, 1996, Bagenstose received a Notice of Reduction-in-Force, which resulted from a District-wide financial crisis. The notice informed Bagenstose that, as part of the RIF, he would be terminated from his employment effective July 19, 1996. The notice also stated that Bagenstose could appeal any failure by the DCPS to follow certain procedures for the proposed RIF. In addition, the notice stated that Bagenstose could retire if he was eligible. It did not mention that if he opted for retirement, he would not be able to challenge the proposed RIF, but did give him the names of persons he could call if he wished to speak with a counselor. During the same period of time, according to Bagenstose, he also received a telephone call from the DCPS personnel office telling him that if he did not complete the relevant retirement application, he might not receive a pension in the greater amount for which he would be eligible if he retires by a specified date. Bagenstose noted an appeal of his proposed RIF with the OEA on July 19, 1996. Subsequently, Bagenstose also submitted a retirement [**3] application, and his retirement became effective on August 27, 1996. After an OEA hearing, the administrative judge ruled that Bagenstose had failed to

show that his retirement was involuntary. Bagenstose appealed this decision to the OEA Board, which affirmed the initial order. He then challenged the Board's decision in the Superior Court, which denied his petition for review and his motion for reconsideration. This appeal followed.

Bagenstose argues that his retirement was involuntary on the grounds that: (1) the notice of his RIF did not affirmatively make it clear to him that he would lose his right to appeal the RIF if he submitted his retirement application; (2) the phone call from the personnel office about the possibility of receiving less than a full pension misled him; and (3) he did not in fact retire to avoid being terminated as a result of a RIF, as he thought the RIF was already effective at the time he submitted his retirement application. The DCPS counters first that this court should dismiss Bagenstose's appeal as untimely filed because it does not conform to the Superior Court Agency Rules. *HN1* We may, however, rule on the merits of this case without deciding the more [**4] complex jurisdictional question, and choose to do so. See Stevens v. Quick, 678 A.2d 28, 31 (D.C. 1996). We conclude that the trial court did not err in affirming the Board's decision that Bagenstose's retirement was voluntary.

*HN2* We review a Superior Court ruling on an OEA decision in the same fashion in which we would review an OEA decision if it were appealable directly to us. See Davis v. University of the District of Columbia, 603 A.2d 849, 851 (D.C. 1992). This court should "examine the agency record to determine whether there [was] substantial evidence to support OEA's findings of fact, or whether OEA's action was arbitrary, capricious, or an abuse of discretion." District of Columbia v. King, 766 A.2d 38, 44 (D.C. 2001) (internal citations omitted). Bagenstose has the burden of proving that his retirement was involuntary since a retirement request initiated by an employee is presumed to be a voluntary act. Keyes v. District of Columbia, 362 U.S. App. D.C. 67, 72, 372 F.3d 434, 439 (2004); Covington v. Department of Health & Human Servs., 750 F.2d 937, 941 (Fed. Cir. 1984); Christie v. United States, 207 Ct. Cl. 333, 518 F.2d 584, 587 (Ct. Cl. 1975). [**5]

[*1158] We first consider Bagenstose's contention that his notice of the RIF failed to inform him that his retirement application would result in the loss of his right to appeal the RIF. The notice did not expressly state the consequence of the choices. As the administrative judge found, however, there was nothing in the notice that was incorrect or would have led a reasonable person to conclude that retirement was his or her only option. Thus, there was substantial evidence to support the administrative judge's finding that the notice did not mislead Bagenstose into retiring. n1 Moreover, Bagenstose did not avail himself of the opportunity afforded him to speak with a counselor about his situation. See Keyes, supra, 362 U.S. App. at 74, 372 F.3d at 440 (if employee was confused about information presented in notice, he was in a position to consult an attorney or take additional steps to confirm the accuracy of the information).

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 We observe that while the information given appellant was not misleading, it would be a simple matter to obviate questions like those appellant raises by including a brief statement that one cannot pursue a challenge to a RIF after one has retired.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [**6]

Similarly, we reject Bagenstose's argument that he was misled by the phone call from the personnel office telling him that if he did not complete retirement forms, he might not receive a pension as great as he was eligible to receive if he retired at that time. There is nothing in the record to suggest that this phone conversation misrepresented the facts regarding Bagenstose's option to retire. Certainly, Bagenstose could have chosen to challenge the RIF

instead of retiring. Although the notice of reduction in force and the phone message may have presented a difficult situation, the record does not establish that they could be interpreted to mislead Bagenstose. See *Keyes, supra,* 362 U.S. App. D.C. at 72, 372 F.3d at 439 (where employee has option to elect to resign and retire so that he may be guaranteed pension, and that "employee is faced merely with the unpleasant alternatives of resigning or being subject to removal for cause, such limited choices do not make the resulting resignation an involuntary act") (internal citations omitted).

As to Bagenstose's final argument, *viz.*, that he retired after he was terminated as a result of a RIF so that his retirement **[**7]** did not preclude his appeal of the RIF, the record does not support this contention. Bagenstose applied for his retirement to be effective commencing June 30, 1996, which was prior to July 19, the date the RIF was to take effect. Had he already been terminated from his employment via the RIF, he would have been ineligible to retire because he would no longer have been a government employee.

Thus, we conclude that Bagenstose failed to show that the administrative judge's finding that his retirement was voluntary was not supported by substantial evidence. The order of the trial court is therefore affirmed.

*So ordered.*

Service: **Get by LEXSEE®**
Citation: **888 a2d 1157**
View: Full
Date/Time: Wednesday, September 13, 2006 - 12:32 PM EDT

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- [Q] - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.