# EXHIBIT E

Notice: This decision may be formally revised before publication in the *District of Columbia Register*. Parties should promptly notify the Administrative Assistant of any formal errors so that this Office can correct them before publishing the decision. This notice is not intended to provide an opportunity for a substantive challenge to the decision.

## THE DISTRICT OF COLUMBIA

### BEFORE

### THE OFFICE OF EMPLOYEE APPEALS

|  |  |
|---|---|
| In the Matter of: | ) |
| | ) |
| CHARLES M. BAGENSTOSE | ) OEA Matter No. 2401-0224-96 |
| Employee | ) |
| | ) Date of Issuance: October 23, 2001 |
| v. | ) |
| | ) Administrative Judge |
| D.C. PUBLIC SCHOOLS | ) Joseph E. Lim, Esq. |
| Agency | ) |

Harriet Segar, Esq., Agency Representative
Charles Bagenstone, Employee *Pro se*

### INITIAL DECISION

### INTRODUCTION

On July 19, 1996, Employee, a Mathematics Teacher, ET-105-15, filed a petition for appeal from Agency's final decision allegedly separating him from service pursuant to a modified reduction-in-force or RIF.

After the death of Judge Joseph Julian, III, the matter was reassigned to the undersigned judge on May 14, 2001. I held a prehearing conference on June 14, 2001, and a hearing on July 23, 2001. The record was closed at the conclusion of the hearing.

### JURISDICTION

As will be detailed below, the Office lacks jurisdiction over this appeal.

## ISSUES

1.     Whether the employee voluntarily retired.

2.     If the employee's retirement is found to be voluntary, whether this appeal should be dismissed for lack of jurisdiction.

3.     If the employee's retirement is found to be involuntary, whether the agency violated any law, rule, or regulation in releasing the employee in the reduction-in-force.

## EVIDENCE

1.     P. Battle (transcript pgs. 15 – 23)

Battle was a teacher at Hart Junior High School in 1996 whose position was about to be abolished pursuant to a RIF. Battle chose to retire because nobody explained to him that if he retired, he would not be able to appeal the RIF.

2.     J. Davis, Jr. (transcript pgs. 23 – 33)

Davis testified that he was a Hart Junior High School teacher who voluntarily retired without knowing that doing so would disqualify him from appealing the RIF.

3.     J. Pierotti (transcript pgs. 33 – 52)

Pierotti testified that she was a teacher whose position was abolished due to a RIF. No one told her that she had a choice of either retiring or appealing her RIF. · Thus she took retirement. Pierotti stressed that she would not have retired if she had known that by doing so, she would be forfeiting her right to appeal the RIF.

4.     V. White (transcript pgs. 52 – 111)

White was a principal at Jefferson High School during the 1996 school year. She testified that Employee initially refused to cooperate in the filling out of his Competitive Level Documentation Form (CLDF) because Employee claimed he was assigned to School Without Walls. White discussed the procedure she followed in filling out the CLDFs for the RIF.

5.     Employee (transcript pgs. 113 - 133)

Employee testified that he was a Mathematics Teacher from 1979 to 1996. Employee testified that he did not believe that his RIF was fair because he was not informed beforehand about the RIF. He also claimed that his scores in his CLDF were arbitrary and capricious. Employee did not explain his allegations.

Employee admitted that he is currently receiving a pension and that he had taken a discontinued service retirement in lieu of being subjected to a RIF. He complained that no one ever explained to him that if he retired, he could not appeal the RIF.

## FINDINGS OF FACT

The pertinent facts in this matter are undisputed and are as follows:

On or around June 19, 1996, Employee, a Mathematics teacher with the D. C. Public Schools, received specific notice that he had been reached for separation pursuant to the modified RIF. The RIF process, which will not be discussed here, had been ongoing since May 1996.

The effective date of Employee's separation pursuant to the RIF was to have been July 19, 1996. However, effective that date, he elected to take a discontinued service retirement in lieu of being separated pursuant to the RIF. When asked why he retired, Employee stated that he felt he had to retire because he faced the prospect of losing his job pursuant to the proposed RIF.

Employee was not informed that taking his retirement would result in the forfeiture of the right to appeal the RIF, specifically because there would be no RIF to appeal.

## ANALYSIS AND CONCLUSIONS

An employee has the burden of proof as to issues of jurisdiction.[1] A review of the file showed that Employee had actually elected a discontinued service retirement in lieu of being separated pursuant to the RIF. This Office does not have jurisdiction over voluntary retirements.[2] Thus, the first issue before the Office is whether Employee's retirement was voluntary.

---

[1] OEA Rule 629.2, 46 D.C. Reg. 9317 (1999).

[2] *Jefferson v. Department of Human Services*, OEA Matter No. J-0043-93 (Nov. 8, 1995), __D.C. Reg.__ ( ); *Christie v. United States*, 518 F.2d 584 (Ct. Cl. 1975); *Davis v. D.C. Public Schools*, OEA Matter Number J-

There is a presumption that retirements are voluntary.[3] Thus, it is incumbent upon Employee to first prove that his retirement was involuntary; that is, was the product of undue coercion on Agency's part, or the product of mistaken information provided to him by Agency and upon which he relied in making his decision to retire.

Here it is undisputed that there was no coercion. Thus Employee has to establish that his retirement was the product of mistaken information on which he relied. If he is able to do that, then the adjudication of the case would move into the *bona fides* of the RIF. If he is unable to do that, then the matter must be dismissed for lack of jurisdiction, since, again, the Office has no jurisdiction over appeals from voluntary retirements.

In part, a retirement is considered involuntary "when the employee shows that retirement was obtained by agency misinformation or deception."[4] But, Employee must show "that a reasonable person would have been misled by the Agency's statements."[5]

Employee does not claim that he was given false information by agency employees since he did not ask for any advice nor was he given any. Instead, he claims that he was never told that his retirement would affect his ability to appeal the RIF. Employee states that the only information he was given by the agency was the specific notice of RIF. That notice reads in pertinent part as follows:

> If you met early retirement criteria, 50 years of age with 20 years or more of service, or 25 years of service at any age, you are eligible for a discontinued service retirement annuity. Note that the retirement annuity will be reduced by a 2 percent penalty for each year short of age 55. You may contact the Division of Human Resources for additional information regarding discontinued service retirement. If eligible, you must submit your completed retirement application to the Division of Human Resources within 10 working days of receipt of this letter.

---

0200-96 (February 16,1999), __D.C. Reg.__ ( ).

[3] *Christie v. United States, supra.*

[4] *Jenson v. Merit Systems Protection Board*, 47 F.3d 1183 (Fed. Cir.1995); see also *Covington v. Department of Health and Human Services*, 750 F.2d 937 (Fed. Cir. 1984).

[5] *Covington, supra*; also *Scharf v. Department of the Air Force*, 710 F.2d 1572 (Fed. Cir. 1982).

2401-0224-96
Page 5

This notice simply advised employees that if they met certain criteria, they were eligible to take a discontinued service retirement. It also advised them of an age-related penalty. Finally, it informed employees that if they were eligible to retire under the circumstances described therein, they were to submit their retirement application within 10 working days of receipt of the letter.

I conclude that there is nothing in this notice that would have led a reasonable person to conclude that retirement was his or her only option, nor was there any information in the notice that was incorrect. Thus, this notice cannot be used to show that Agency misled Employee into retiring.

At the hearing, Employee did not present any evidence to show that his retirement was involuntary. Instead, Employee merely showed that he and his fellow teachers were not told that retiring would mean that there would be no RIF to appeal. Employee has not made any showing that he asked anyone for official advice on his options, nor that they had any obligation to give him such advice, assuming of course that they were knowledgeable of his option of refusing to retire and contesting the *bona fides* of the RIF before this Office. Based on the above, I conclude that Employee has failed to show that he was deceived into retiring by any information given to him by Agency.

Employee also contends that "financially he had no recourse but to retire." In *Christie*, *supra*, the employee raised the "financial hardship" argument and the Court rejected it. The Court acknowledged that Christie was faced with an inherently difficult situation in that the employee's choice was limited to two unpleasant alternatives. Nevertheless, the Court determined that this fact did not negate the voluntariness of Christie's resignation. Likewise, I conclude herein that Employee has not established that his retirement was involuntary simply because he faced a financial hardship.

In conclusion, Employee bears the burden of proof as to the issue of jurisdiction. In order for him to establish jurisdiction and for me to address the *bona fides* of the RIF, he had to prove that he retired involuntarily. However, he has failed to meet this burden of proof. Therefore, I conclude that the Office lacks jurisdiction over this appeal and that the matter must be dismissed.

2401-0224-96
Page 6

## ORDER

It is hereby ORDERED that this matter is dismissed.

FOR THE OFFICE,

JOSEPH E. LIM, ESQ.
Administrative Judge

## NOTICE OF APPEAL RIGHTS

This is an initial decision that will become a final decision of the Office of Employee Appeals unless either party to this proceeding files a **petition for review** with the Office. A **petition for review** must be filed within thirty-five (35) calendar days, including holidays and weekends, of the issuance date of the initial decision in this case.

All petitions for review must set forth objections to the initial decision and establish that:

1. New and material evidence is available that, despite due diligence, was not available when the record was closed;

2. The decision of the presiding official is based on an erroneous interpretation of statute, regulation or policy;

3. The findings of the presiding official are not based on substantial evidence; or

4. The initial decision did not address all the issues of law and fact properly raised in the appeal.

All petitions for review should be supported by references to applicable laws or regulations and make specific reference to the record. The petition for review, containing a certificate of service, must be filed with the Administrative Assistant, D.C. Office of Employee Appeals, 717- 14th Street, N.W., 3rd Floor, Washington, D.C. 20004. Four (4) copies of the petition for review must be filed.

402

-2-

Parties wishing to respond to a petition for review must file their response not later than thirty-five (35) calendar days, including holidays and weekends, after the filing of the petition for review.

Instead of filing a petition for review with the Office, either party may file a **petition for review** in the Superior Court of the District of Columbia within 30 days after service of formal notice of the final decision to be reviewed or within 30 days after the decision to be reviewed becomes a final decision under applicable statute or agency rules, whichever is later.    To file a petition for review with the Superior Court, the petitioning party should consult Superior Court Civil Procedure Rules, XV. Agency Review, Rule 1.

403