# EXHIBIT G

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division

Charles M. Bagenstose
_____
Petitioner(s)

v.

D.C. Office of Human Rights
_____
Respondent(s)

RECEIVED
Civil Clerk's Office
JUL 1 8 2005
Superior Court of the
District of Columbia
Washington, D.C.

05-0005506

MPA NO. _____

## PETITION FOR REVIEW OF AGENCY DECISION

A. Notice is hereby given that **Charles M. Bagenstose** appeals to the Superior Court of the District of Columbia from the order of **D.C. Office of Human Rights** (agency or official's name), issued on the **30th** day of **June**, 20**05**. A copy of that order or decision is attached to this petition.
Description of Judgment or Order: **Determination on Complainant's Request for Reconsideration. The OHR Affirmed the OHR's Reversal of the Probable Cause Finding That Complainant Was Retaliated Against for Filing an OHR Complaint in February 1995**
A concise statement of the Agency proceedings and the decision as to which review is sought and the nature of the relief requested by petitioner: **See Attachment**

B. Address of Respondent, Agency or Official:
**Government of the District of Columbia
Office of Human Rights
441 4th Street, N.W., Suite 570N
Washington, D.C. 20001**

C. Names and addresses of all other parties to the Agency's proceeding:
**Government of the District of Columbia
Office of the Attorney General
441 4th Street, N.W., Suite 1060N
Washington, D.C. 20001**

D. Names and address of parties or attorneys to be served:

| NAME | ADDRESS |
|---|---|
| 1. Kenneth Saunders, Director | D.C. Office of Human Rights, 441 4th Street N.W., Suite 570N, Washington, DC 20001 |
| 2. | |
| 3. Kevin Turner, Assistant Attorney General | Office of the Attorney General, 441 4th Street, N.W., Suite 1060N, Washington, D.C. 20001 |
| 4. | |

E. A copy of the Agency's decision or Order sought to be reviewed is attached.

**Pro se**
Print name of petitioner's attorney

*Charles M. Bagenstose*
Signature of petitioner's counsel or petitioner's signature

Address: **1019 Butterworth Lane, Upper Marlboro, Maryland 20774**
Bar No. _____ Telephone No. **301-336-0622**

417

STATEMENT OF AGENCY PROCEEDINGS AND THE RELIEF REQUESTED

I am appealing the Determination of the Office of Human Rights (OHR); because contrary to the intent of the Council of the District of Columbia in enacting the Human Rights Act of 1977, the OHR did everything it could to defeat the law and to deny me my right to protection from discrimination (Section 2-1401.01) and from retaliation (Section 2-1402.61).

Among the actions taken by the OHR to aid and abet the District of Columbia Public Schools (DCPS) to avoid responsibility for its unlawful acts in violation of Section 2-1402.62 are the following:

> In violation of Section 2-1402.65 the OHR's Determination falsely asserts that I claimed retaliation for having filed an OHR complaint in February of 1995, when the record clearly shows that I claimed retaliation for a September, 1994 complaint to the Equal Employment Office (EEO) of the DCPS.
>
> The OHR failed to notify the principal, who committed the discriminatory and retaliatory acts, that a complaint had been filed against her.
>
> Knowing that the principal had not been notified by the OHR, the OHR set up a "limited" hearing in which I was asked to prove that the principal knew about the complaint. I was not permitted to explain that my complaint was retaliation for a September, 1994 EEO complaint and not for a 1995 OHR complaint.
>
> When on direct examination the principal denied knowing about the September, 1994 EEO complaint, I was not permitted on cross-examination to enter into the record evidence which showed that the principal not only knew about the September, 1994 EEO complaint but also retaliated against it.
>
> Prior to the hearing the Hearing Examiner directed me to submit to her a statement about the argument I planned to make. She then forwarded my statement to the attorney for the DCPS, but she didn't solicit a statement from him to send to me.
>
> Throughout the investigation the OHR led me to believe that the facts they uncovered might lead them to findings beyond what I claimed, thus causing me to believe that they had evidence that the principal retaliated against me for my February, 1995 OHR complaint as well as the September, 1994 EEO complaint. Also, the OHR had led me to believe that the principal had been notified about the OHR complaint. Now the OHR is saying that I should have challenged their finding when it was made.

These are but a few of the things which the OHR did to protect the DCPS from my discrimination complaint. I'll cover the rest in my upcoming briefs. I hereby request that the Court direct the OHR to correct its finding to make it agree with my complaint and to honor the evidence which exists to show that the principal retaliated against me for my September, 1994 EEO complaint rather than the February, 1995 OHR complaint.

418

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Office of Human Rights



**Judiciary Square Office**
441 4th Street, NW Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 • Fax:(202) 727-9589

Kenneth L. Saunders
Director

**Penn Branch Office**
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559 • Fax:(202) 645-6390

## DETERMINATION ON COMPLAINANT'S REQUEST FOR RECONSIDERATION

June 30, 2005

Mr. Charles Bagentose
1019 Butterworth Lane
Upper Marlboro, MD 20774

Reference:   *Charles Bagentose v. DC Public Schools*
             Docket No.: 96-263-DC (CN)
             EEOC No.: 10C950203

Dear Mr. Bagentose:

On or about January 3, 2005, the Office of Human Rights (hereinafter "the OHR") received your request for reconsideration of its "**REVERSAL(S)** of the findings of **PROBABLE CAUSE**" in the Final Summary Determination, dated December 17, 2004. You are referred to as "**COMPLAINANT**." DC Public Schools is referred to as "**RESPONDENT**."

Pursuant to the District of Columbia Human Rights Act of 1977, D.C. Code § 2-1401.01 *et seq.* (2001 Edition) ("DCHRA"), and 4 DCMR §§ 114.3 and 719, the OHR has reviewed your Request for Reconsideration of its "**REVERSAL**" of the Probable Cause Findings in the Final Summary Determination in the above-referenced case. The following determination is issued on behalf of the OHR.

### I. JURISDICTION

The OHR is empowered to investigate complaints of discrimination on the basis of 16 protected categories in the areas of employment, housing, education and public accommodations. However, any complaint of discrimination filed pursuant to the DCHRA shall be filed with the OHR within one year of the occurrence of the unlawful discriminatory practice, or the discovery thereof, except for cases filed against the District of Columbia government. The aforementioned requirements are jurisdictional;

419

*Charles Bagentose v. DC Public Schools*
Docket No.: 96-263-DC (CN)
EEOC No.: 10C950203
Page 2 of 4

therefore, if Complainant fails to meet the requirements, the OHR does not have jurisdiction over the claim.

## II. STANDARD FOR RECONSIDERATION

A Complainant who files a complaint of discrimination against a District of Columbia agency, and who receives a "No Probable Cause" determination, must file a request for reconsideration within 15 days of receipt of the OHR's Summary Determination in order for the request to be timely. 4 DCMR § 109.5. The Complainant may request reconsideration of the determination based upon new evidence, misapplication of the law or misstatement of the facts. Newly discovered evidence is evidence that: (1) is competent, relevant, and material; (2) was not reasonably discoverable prior to issuance of the final decision by the Director; and (3) would alter the ultimate outcome in the case, if credited. If the request for reconsideration is untimely or is not based on one or more of the aforementioned grounds, the request for reconsideration shall be denied. 4 DCMR § 109.3.

## III. PROCEDURAL POSTURE

On February 23, 1995, Complainant filed a complaint of discrimination based on age (66) and race (White) when he received a satisfactory performance rating during the school years 1993-1994 and 1994-95 while under the supervision of the Principal at the School Without Walls. Complainant also asserted that the was retaliated against for filing a discrimination complaint with the OHR in February of 1995, when he was reassigned from the School without Walls to Jefferson Junior High School on September 1, 1995. Complainant's retaliation complaint also relates to his being designated to be riffed by the Respondent on June 18, 1996.

On June 9, 2004, the OHR issued its Letter of Determination finding that probable cause existed that Complainant was a victim of retaliation for filing a February 1995 complaint with the OHR , by being transferred to Jefferson Junior High School within six (6) months after the filing the complaint of discrimination. The LOD also found probable cause that Complainant was a victim of retaliation for filing his February 1995 complaint with the OHR when Respondent designated Complainant to be riffed on June 18, 1996.

On January 8, 2004, the Director of OHR determined that the claim of retaliation needed to be further investigated to determine if the administrator at the School without Walls had knowledge of Complainant's complaint when Complainant was transferred. Thus, pursuant to Title 4 DCMR § 109.7, the matter was transferred to an independent hearing examiner to conduct a limited formal hearing so that the Director could make a final summary determination from the record with additional facts concerning Complainant's transfer. The issues the Director wanted addressed for the limited hearing were: (1) Whether anyone at the School without Walls had knowledge of Complainant's February 1995 complaint; and (2) What, if any, back pay Complainant was entitled.

*Charles Bagentose v. DC Public Schools*
Docket No.: 96-263-DC (CN)
EEOC No.: 10C950203
Page 3 of 4

The limited hearing was held on July 13, 2004. The issue of back pay was held in abeyance pending a decision from the DC Court of Appeals. Therefore, the sole issue addressed during the hearing was whether the District of Columbia Public Schools administrators at the School Without Walls had knowledge of Complainant's February 1995 complaint. By letter dated November 8, 2004, the Hearing Examiner issued proposed recommendations and finding to the OHR Director and to all parties. On November 23, 2004, the Director of the OHR received a Proposed Substitute Order of Findings and Arguments from the Complainant.

On December 17, 2004, the Director of the OHR reversed the Letter of Determination finding that there was probable cause to find that the Respondent retaliated against Complainant when it transferred him in September of 1995. Additionally, the OHR Determination that there was probable cause to find that Respondent retaliated against the Complainant when it designated Complainant to be riffed on June 18, 1996 was also reversed. Both hearings established that retaliation did not exist when these incidences occurred because the Principal of the School Without Walls was not aware of the February 23, 1995 complaint filed with the OHR.

### III. ANALYSIS

Complainant filed a timely request for reconsideration. However, Complainant's claim for reconsideration must fail because Complainant does not proffer new evidence, nor does he demonstrate a misstatement of fact or a misapplication of law. Complainant makes a number of allegations. In the reconsideration, Complainant states that the protected activity was Complainant's 1994 EEO complaint, not the 1995 OHR complaint. To begin, Complainant's disagreement with the facts of his 1996 determination is not an issue in the Summary Determination. Any factual disputes should have been raised at the time of the Discrimination Complaint. Second, the OHR already determined that the 1994 issue was untimely.[1] Therefore, it was not an issue to be considered during the hearing for the Summary Determination.

In addition, the Complainant formulates a number of arguments regarding the reasonableness and scope of inquiry of the hearing process and cross examination. The Complainant also makes a number of unsubstantiated allegations against the OHR. None of the information submitted is competent, relevant or material to the case. Nor would any of the information alter the ultimate outcome of the case. Accordingly, the OHR will affirm its decision.

Complainant's request for reconsideration of the Final Summary Determination's "REVERSAL" of the probable cause findings of the Letter of Determination is

---

[1] Even if the OHR had considered this issue, it is unlikely that it would have found a causal connection between an event occurring in September 1994 and Complainant's adverse actions in September 1995 and June 1996.

421

*Charles Bagentose v. DC Public Schools*
Docket No.: 96-263-DC (CN)
EEOC No.: 10C950203
Page 4 of 4

**GRANTED.**

For the foregoing reasons:
  (1) The OHR's "REVERSAL" of the **PROBABLE CAUSE** finding that Complainant was a victim of retaliation for filing his February 1995 complaint with the OHR when Respondent transferred him from School Without Walls in September 1995 is **AFFIRMED;**

  (2) The OHR's "REVERSAL" of the **PROBABLE CAUSE** finding that Complainant was a victim of retaliation for filing his February 1995 complaint with the OHR when Respondent designated Complainant to be riffed on June 18, 1996 is **AFFIRMED.**

**It is so ordered.**

This letter concludes the review process of the OHR. Pursuant to Agency Rule 1 of Section XV of the Rules of Civil Procedure for the Superior Court of the District of Columbia, Complainant has thirty (30) days from the date of this Determination on Complainant's Request for Reconsideration to file an appeal with the District of Columbia Superior Court.

Sincerely,

Kenneth L. Saunders
Director

cc:   Office of the Attorney General for the District of
      Columbia
      One Judiciary Square
      441 4th Street, NW
      Suite 1060 North
      Washington, DC 20001
      Attn: Kevin Turner, Esq.

422