*Attachment No. 1*

LEXSEE 462 F.2D 688

**AMERICAN MANNEX CORPORATION, Plaintiff-Appellant, v. Charlton P. ROZANDS, etc., et al., Defendants-Appellees**

No. 71-2739

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

*462 F.2d 688; 1972 U.S. App. LEXIS 8734*

June 28, 1972

**SUBSEQUENT HISTORY:** [**1]

Rehearing Denied August 22, 1972.

**DISPOSITION:**

Affirmed.

**JUDGES:**

Wisdom, Goldberg and Clark, Circuit Judges.

**OPINION BY:**

WISDOM

**OPINION:**

[*689] WISDOM, Circuit Judge:

The taxpayers sued in federal district court to contest the imposition of a Louisiana state ad valorem tax on certain of their property for the years 1967, 1968, and 1969. Previously, the same taxpayers had contested in state court the levy of the same tax on the same property for the year 1966, raising the same constitutional objection: that the Import-Export clause of the United States Constitution protected their property, in its asserted condition of transit, from state taxation. The district court held that the federal suit was barred by the earlier state court determination of the constitutional issue between these same parties. Judge Rubin explained that Louisiana would not bar the action as a matter of res judicata, but would consider the Import-Export issue settled between these parties under the Louisiana doctrine of "judicial estoppel." We agree with the district court's exposition of Louisiana law, and affirm on the basis of its opinion, reported as *American Mannex Corporation v. Prejean*, E.D.La. 1971, 328 F. Supp. 940. [**2] We consider it appropriate, however, to add a few words on an issue not discussed at length by the district court: the reason for allowing the Louisiana law of judicial estoppel to determine the effect of the prior Louisiana proceedings upon a subsequent suit in federal court upon an admittedly different cause of action.

The extent to which a federal court must attach conclusive effect to prior state court proceedings is a federal question. *Adam v. Saenger*, 1938, 303 U.S. 59, 64, 58 S. Ct. 454, 82 L. Ed. 649. Section 1738 of Title 28, United States Code, directs that judicial proceedings of the court of any State "shall have the same full faith and credit in every court within the United States . . . as they [*690] have by law or usage in the courts of such State . . . from which they are taken." When the parties and the cause of action litigated are the same in state court as in federal court, the doctrine of res judicata has been held to bar federal relitigation, even if a federal constitutional question is in dispute. *Brown v. Chastain*, 5 Cir.1969, 416 F.2d 1012, cert. den. 397 U.S. 951, 90 S. Ct. 976, 25 L. Ed. 2d 134; accord, [**3] *Katz v. State of Connecticut*, 2 Cir.1970, 433 F.2d 878. Similarly, it has been held that disputed factual or legal issues arising between the same parties cannot be relitigated in federal court after a valid state court determination of the same issues. The principle may be described as one of "judicial estoppel" in Louisiana, see *Friedenthal v. General Insurance Company of America*, 5 Cir.1968, 395 F.2d 202, 203; *Cauefield v. Fidelity and Casualty Company of New York*, 5 Cir.1967, 378 F.2d 876; *Seaboard Air Line R. Co. v. George F. McCourt Trucking Inc.*, 5 Cir.1960, 277 F.2d 593; or "collateral estoppel" in other states. *Vernitron Corp. v. Benjamin*, 2 Cir.1971, 440 F.2d 105. But the result is the same. In accordance with 28 U.S.C. § 1738, the federal court follows the state rule of repose.

This does not necessarily mean, however, that a federal court is invariably bound to a state's own interpretation of res judicata or judicial estoppel. Other well-defined federal policies, statutory or constitutional, may compete with those policies underlying section 1738. n1

For example, federal tax [**4] policy may dictate limited application of collateral estoppel when there is federal relitigation of a state court determination bearing on federal tax liability. See *Commissioner of Internal Revenue v. Sunnen*, 1948, 333 U.S. 591, 68 S. Ct. 715, 92 L. Ed. 898. Whether such a competing federal policy might prevail over the policy embodied in section 1738 is a question we need not, and do not, decide today. For it is clear that the present record suggests no federal statutory or constitutional interest to compete with the unequivocal statement embodied in section 1738, no federal interest independent of the basic substantive issue to suggest the need for departure from the Louisiana doctrine of judicial estoppel. Should a case arise, similar to *Sunnen* where an independent federal interest might support departure from strict adherence to a state rule of repose, a federal question of considerable complexity would be presented. n2 In addition, it should be noted that there has been no change in the significant facts and no significant legal development relevant to this constitutional issue since Mannex [*691] submitted its case to the Louisiana Supreme Court. We [**5] express no view as to the appropriateness of today's result in the setting of significant factual or legal change occurring in the interim separating state and federal court adjudication of the same constitutional issue between the same parties.

n1 See *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 1958, 356 U.S. 525, 78 S. Ct. 893, 2 L. Ed. 2d 953; *Hanna v. Plumer*, 1965, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8.

n2 Compare, e. g., *Lyons v. Westinghouse Electric Corp.*, 2 Cir. 1955, 222 F.2d 184, cert. den. 350 U.S. 825, 76 S. Ct. 52, 100 L. Ed. 737, and *Mach-Tronics Inc. v. Zirpoli*, 9 Cir. 1963, 316 F.2d 820, 833, with *Becher v. Contoure Laboratories, Inc.*, 1929, 279 U.S. 388, 49 S. Ct. 356, 73 L. Ed. 752, and *Connelly v. Balkwill*, 6 Cir. 1960, 279 F.2d 685, aff'g 174 F. Supp. 49.

See Note, Res Judicata: Exclusive Federal Jurisdiction and the Effect of Prior State-Court Determinations, 53 Va. L.Rev. 1360, 1384 (1967):

> If a federal purpose or interest will be undermined by allowing collateral estoppel effect, as might occur when a determination of law would be given this effect or when the availability of federal procedure is a prerequisite to carrying out the intent of Congress implicit in its definition of the substantive federal claim, a valid reason may exist for denying collateral estoppel effect. In any event, the federal purpose and interest which might be undermined by applying collateral estoppel must be balanced against the policy reasons which support this res judicata doctrine.

See generally Note, The Res Judicata and Collateral Estoppel Effect of Prior State Suits on Actions Under SEC Rule 10b-5, 69 Yale L.J. 606 (1960); Comment, Exclusive Federal Jurisdiction: The Effect of State Court Findings, 8 Stan.L.Rev. 439 (1956).

[**6]

The application of state law we approve today is state law wrapped in a cocoon of federal law governing the degree of adherence to state law -- not unequivocal application of naked state law.

Affirmed.

*Attachment No. 2*

- THE COMPLAINT PROCESS FOR DISTRICT GOVERNMENT EMPLOYEES ALLEGING EMPLOYMENT DISCRIMINATION IS SOMEWHAT DIFFERENCT. INFORMATION ABOUT PROCESSING PUBLIC SECTOR CASES MY BE OBTAINED BY CALLING THE OFFICE OF HUMAN RIGHTS.

**OTHER SERVICES WE PROVIDE**

- Forums and Conferences on Human and Civil Rights.
- Speakers to community groups and organizations.
- Equal employment opportunity training.
- Volunteer student internship programs.

**For Further Information, write or call:**

**D.C. Office of Human Rights**
**441 4th Street, N.W.**
**Suite 570 North**
**Washington, D.C. 20001**
**Phone: (202) 727-4559**
**Fax: (202) 727-9589**

*Anthony A. Williams, Mayor*



Attachment No. 3

Date: July 24, 1996

To the Director of the Division of Human Resources:

Subject: Retirement REGULAR ✓ DISABILITY _____

Having attained the age of __66__ years, and having __27__ years of service to my credit for retirement purposes. I hereby make application for retirement to be effective from and after __June 30__ 19_96_

RETIRING UNDER PROTEST.

I REALLY DO NOT WISH TO RETIRE BUT AM FORCED TO DO SO, BECAUSE I HAVE BEEN RIF'ED

Respectfully submitted.

__Charles M. Bagenstose__        __Charles M Bagenstose__
(Print Name)                     (Signature)

__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__                  __Teacher (Mathematics)__
(Social Security Number)          (Position)

__831__                          __School Without Walls__
(Health Benefit Code)             (School or Office)

__March 11, 1930__               __1019 Butterworth Lane__
(Date of Birth)                   (Home Address)

__301 336 0622__                 __Upper Marlboro MD 20774__
(Home Telephone Number)           (City, State, Zip Code)

EXHIBIT

*Attachment No. 4*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| CHARLES BAGENSTOSE,<br>    Petitioner, | : |
| v. | : 03-MP-10<br>: Calendar 14 |
| OFFICE OF EMPLOYEE APPEALS,<br>    Respondent, | : |
| and | : |
| DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br>    Intervenor. | : |

**ORDER**

This matter is before the court on the petition of Charles Bagenstose for review of a decision of the Office of Employee Appeals Board (OEA Board), which affirmed the Initial Decision dismissing the petition for lack of jurisdiction. Petitioner, a former teacher with the District of Columbia Public Schools (DCPS), appealed the termination of his teaching position to the Office of Employee Appeals (OEA). After a hearing, the administrative judge found that Petitioner voluntarily retired from DCPS, and therefore that the OEA did not have jurisdiction over Petitioner's appeal. The OEA Board upheld the Initial Decision on June 23, 2003, finding that it was supported by substantial evidence. Petitioner now appeals to this court, arguing that his retirement was involuntary because he believed he would have been terminated as a result of a reduction in force (RIF) if he did not accept retirement, and he was never told that accepting retirement would preclude him from appealing the RIF.

Pursuant to the Superior Court Agency Review Rule 1, the court has jurisdiction to review a final decision of an agency of the District of Columbia. The court cannot "set aside the action of the agency if supported by substantial evidence in the record as a whole and not clearly erroneous as a matter of law." Super. Ct. Agency Rev. R. 1(g). "Substantial evidence is 'relevant evidence such as a reasonable mind might accept as adequate to support a conclusion.'" Mills v. District of Columbia Dep't of Empl. Servs., 838 A.2d 325, 328 (D.C. 2003) (quoting Black v. District of Columbia Dep't of Employment Servs., 801 A.2d 983, 985 (D.C. 2002)). As long as agency decisions are supported by substantial evidence in the record, they must be affirmed "notwithstanding that there may be contrary evidence in the record (as there usually is)." Ferreira v. District of Columbia Dep't of Employment Servs., 667 A.2d 310, 312 (D.C. 1995). "It is not the function of the reviewing court to superimpose its own opinion over the findings of the agency," but only to determine whether the agency's decision is supported by substantial evidence. DiVincenzo v. District of Columbia Police & Firefighters Retiremement and Relief Bd., 620 A.2d 868, 871 (D.C. 1993).

The only question before this court is whether the OEA's determination that Petitioner voluntarily retired, and therefore that it did not have jurisdiction over Petitioner's appeal, is supported by substantial evidence in the record. Petitioner had the burden of establishing that the OEA had jurisdiction to hear his appeal. It is not disputed that the OEA did not have jurisdiction if petitioner retired voluntarily. Accordingly, Petitioner had the burden of proving that his retirement was involuntary. See Christie v. United States, 518 F.2d 584, 587 (Ct. Cl. 1975). Retirements are presumed to be voluntary, but that presumption can be rebutted by a showing that a retirement was obtained as a result of coercion, duress, or deception. Id. at 587-88.

2

There is substantial evidence in the record to support the agency's conclusion that Petitioner's retirement was not the result of coercion, duress, or deception. The record reflects that Petitioner received notice of the RIF and of his option to retire; that he completed and submitted his retirement application; that his retirement did not take effect until August 27, 1996, which was later than the date the RIF would have become effective; and, that by postponing his retirement to that later date, Petitioner was able to maximize his retirement benefits. Petitioner's contention, which was rejected below and is repeated here, is that he was not told that by accepting retirement, he was giving up his right to appeal the RIF. This contention does not compel a finding that his retirement was involuntary for the purposes of OEA jurisdiction, where, as here, there is substantial evidence in the record to support the agency's decision to the contrary. As the OEA found, DCPS may not have told petitioner that voluntary retirement would preclude any appeal of the proposed RIF, but it also did not affirmatively mislead him or provide him with erroneous information so as to make his retirement involuntary under the test of Covington v. Dep't of Heath and Human Servs., 750 F.2d 937 (Fed. Cir. 1984).

For the foregoing reasons, the decision of the OEA board is supported by substantial evidence in the record and is not clearly erroneous as a matter of law. Accordingly, it is this 3rd day of May 2004

ORDERED that the final decision of the OEA Board be, and it hereby is, affirmed.

JUDGE FREDERICK H. WEISBERG

DOCKETED MAY 06 2004
MAILED MAY 06 2004

Copies to:

3

Charles M. Bagenstose
1019 Butterworth Lane
Upper Marlboro, MD 20774

Gail Davis
Assistant Corporation Counsel
Office of the Corporation Counsel
Personnel and Labor Relations Section
441 Fourth Street, N.W., Suite 1060 North
Washington, D.C. 20001

Harriet Segar
General Counsel
District of Columbia Public Schools
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

Sheila Barfield
Acting General Counsel
Office of Employee Appeals
717 14th Street, N.W., 3rd Floor
Washington, D.C. 20005