UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES M. BAGENSTOSE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1245 (JDB) |
| ) | |
| **GOVERNMENT OF THE DISTRICT** ) | |
| **OF COLUMBIA** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

**I. FACTS**

Plaintiff was employed by the D.C. Government as a school teacher from 1979 until 1996. Complaint ¶¶1, 12, 17. In 1994, plaintiff filed an internal administrative complaint with the D.C. Public Schools alleging he had been discriminated against based on his race (white) when he received a ten-day suspension for allegedly administering corporal punishment to a student. *Id.* Plaintiff subsequently was exonerated and awarded back pay. *Id.* Plaintiff filed an administrative EEO complaint with the D.C. Office of Human Rights (OHR Docket No. 95-163-DC (CN)). Complaint ¶3.

Plaintiff alleges that OHR improperly investigated or otherwise mishandled his claim of discrimination and the hearing examiner assigned to his case acted improperly. Complaint. The plaintiff alleges that the EEOC has failed to enforce the civil rights laws by failing to protect the plaintiff from the wrongful acts or omissions of OHR with regard to the handling of his complaint of discrimination and retaliation. Count II, ¶3, page 13.

**II. LEGAL STANDARD FOR MOTION TO DISMISS**

"[A] complaint should . . . be dismissed for failure to state a claim [if] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss under Rule 12(b)(6), facts alleged in the complaint must be presumed true and liberally construed in favor of the plaintiff. *See, e.g., Shear v. NRA*, 606 F.2d 1251, 1253 (D.C. Cir. 1979). The court may consider certain additional evidence in deciding the motion. *See Arizmendi v. Lawson*, 914 F.Supp. 1157, 1160-61 (E.D.Pa. 1996)("in resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records, and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

**III. ARGUMENT**

Plaintiff does not have a cause of action against EEOC. His only remedy, if any, is to pursue his employment discrimination claims against his employer, the D.C. Government. Accordingly, this Court lacks jurisdiction with respect to plaintiff's allegations against EEOC and those allegations fail to state a claim upon which relief may be granted. Therefore, the Court should dismiss plaintiff's allegations against EEOC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**1.    The Court Lacks Subject Matter Jurisdiction Over This Action**

Federal district courts are courts of limited jurisdiction, deriving jurisdiction solely from the congressional exercise of its authority to "ordain and establish" inferior courts under the Constitution. *Lockerty v. Phillips*, 319 U.S. 182, 63 S. Ct. 1019, 87 L. Ed. 1339 (1943). A

federal district court may hear a case only if it is authorized to do so by a congressional grant of jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed.2d 492 (1982).

### a.  Title VII does not provide jurisdiction

Title VII provides federal courts with three grants of jurisdiction: section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3); section 707(b), 42 U.S.C. § 2000e-6(b); and section 717, 42 U.S.C. § 2000e-16.  Section 706(f)(3) authorizes federal courts to hear enforcement actions brought against alleged discriminating employers by private parties, the Attorney General, or EEOC.  The EEOC, an executive agency within the United States Government, is exempt from the definition of employer covered by section 706(f)(3).  See 42 U.S.C. § 2000e(b).  Section 707(b) grants the federal courts jurisdiction over actions brought by EEOC against persons engaged in patterns or practices of resistance to the goals of Title VII.  Finally, section 717 provides that a federal employee can bring a civil action against the head of the agency where the alleged employment discrimination occurred.  Plaintiff was an employee of the D.C. Government and does not allege that he is or was employed by EEOC or that he applied for a job with EEOC.

None of the Title VII sections discussed above authorize individuals alleging discrimination by a third party, such as the D.C. Government, to file suit against EEOC in its role as the agency responsible for enforcing Title VII and processing administrative charges of employment discrimination.  Therefore, although Title VII grants federal courts jurisdiction to entertain suits against employers, EEOC, in its role as enforcement agency in this case, is not a proper defendant.  Therefore, plaintiff's claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**b. Plaintiff's monetary claim is barred by sovereign immunity**

Plaintiff is precluded from maintaining this lawsuit against EEOC, insofar as he seeks money damages, by the doctrine of sovereign immunity. Under that doctrine, the United States is immune from suit for money damages unless it has consented to be sued, or unless a waiver is expressly created by federal statute. As the Court in *United States v. Testan* stated, the "[United States] is immune from suit save as it consents to be sued. . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." 424 U.S. 392, 399, 96 S. Ct. 948, 953, 47 L. Ed.2d 114 (1976). See also *Affiliated UTE Citizens of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 1456, 31 L. Ed.2d 1741 (1972). The doctrine applies to suits in which the United States is the named defendant as well as to suits in which a federal agency or its officials are the named defendants. *See Dugan v. Rank*, 372 U.S. 609, 83 S. Ct. 999, 10 L. Ed.2d 15 (1963).

Moreover, consent by the United States to be sued must be unequivocally and directly expressed. A waiver cannot be implied. *See United States v. King*, 395 U.S. 1, 89 S. Ct. 1501, 23 L. Ed.2d 52 (1968); *Testan*, 424 U.S. at 400-01. Plaintiff has not identified, and defendant EEOC is unaware of any statute that waives sovereign immunity for the type of monetary claims brought against EEOC in this suit. Therefore, plaintiff's monetary claim must be dismissed under the doctrine of sovereign immunity.

2. **Plaintiff Fails To State A Claim Against EEOC Upon Which Relief Can Be Granted Regarding His Contention That EEOC Did Not Properly Process His Administrative Charge.**

Assuming arguendo that plaintiff's allegations that EEOC improperly processed his EEO charge is true, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to state a claim against the EEOC upon which relief can be granted. For the reasons

explained below, plaintiff cannot state a claim under Title VII or any other statute regarding his dissatisfaction with EEOC's processing or adjudicative disposition of his administrative EEO charge.

In order to proceed with such a civil action against EEOC, plaintiff must demonstrate that Congress granted a clear right of action against EEOC "either expressly or by clear implication." *Warth v. Seldin*, 422 U.S. 490, 510, 95 S. Ct. 2197, 2206, 45 L. Ed.2d 343, 356 (1975). Plaintiff cannot assert an express right to a remedy against EEOC because no such remedy exists under Title VII or any other statute. Likewise, plaintiff cannot show that there is an implied remedy against EEOC under any statute.

### a. Title VII does not provide a cause of action against EEOC

Title VII does not create an express cause of action by persons such as plaintiff against the EEOC. As noted above, sections 706, 707 and 717 of Title VII, 42 U.S.C. §§ 2000e-5, 2000e-6 and 2000e-16, provide the explicit remedies for individuals who claim to be victims of employment discrimination. Plaintiff filed an administrative EEO complaint against his employer, the D.C. Government, alleging that the D.C. Government had engaged in prohibited employment discrimination. Plaintiff was not employed by the EEOC, and he did not seek employment with the EEOC. Therefore, plaintiff's suit against the EEOC is not expressly authorized under Title VII. As a result, no remedy is available to plaintiff against the EEOC based on plaintiff's dissatisfaction with the Commission's administrative processing of his administrative charge that was deemed dual filed with EEOC when plaintiff filed his July 1996 administrative complaint with OHR. In short, none of the Title VII sections discussed above provide a remedy for a plaintiff who, as here, is dissatisfied with EEOC procedures, activities, or determinations on his administrative EEO charge of discrimination. *See Golyar v. McCausland*,

738 F. Supp. 1090, 1092 (W.D. Mich. 1990).

Similarly, plaintiff cannot demonstrate an implied remedy against EEOC under Title VII. The question of whether a federal statute implicitly authorizes a cause of action can be determined by looking at whether the statutory scheme is consistent with the inference that Congress intended to create a particular right of action. *See Transamerican Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16, 100 S. Ct. 242, 62 L. Ed.2d 146 (1979). Congress did not intend to create a cause of action for plaintiff under Title VII against EEOC because that statute provides a different avenue of recourse for plaintiff. If a charging party is dissatisfied with EEOC's determination regarding his administrative EEO charge, he has the right to file a civil action against the alleged discriminating employer. See 42 U.S.C. § 2000e-5(f)(1). No additional right exists to file a civil action against the Commission in its role as enforcement agency.

As the Ninth Circuit has observed, "[t]o remedy a complainant's dissatisfaction with EEOC inaction, Congress amended Title VII in 1972 to 'allow the person aggrieved to pursue his or her own remedy . . . where there is [EEOC] inaction, dalliance or dismissal of the charge, or unsatisfactory resolution.'" *Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984), quoting 118 Cong. Rec. 7168 (March 6, 1972). Implying a cause of action against EEOC based on one's dissatisfaction with EEOC's processing of an administrative charge would, according to the court, contradict the "policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the Commission in fruitless litigation with charging parties." *Id*. Furthermore, the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 796-798, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973), observed that neither the enforcement activities nor

administrative findings of EEOC can prejudice the rights of the complainant because the ultimate enforcement of Title VII is through *de novo* review by federal district courts. Thus, it is well settled that "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir.), *cert. denied*, 522 U.S. 958 (1997). As a result, no remedy is available to plaintiff against the EEOC based on plaintiff's dissatisfaction with the Commission's administrative processing of his charge. The courts rely on the charging party's right to file a lawsuit against the alleged discriminating employer as a rationale for precluding suit against the EEOC in its enforcement role. *See, e.g., Hall v. Equal Employment Opportunity Comm'n*, 456 F. Supp. 695, 699 (N.D. Cal. 1978) ("[A] charging party dissatisfied with the EEOC may, under § 706(f)(1), circumvent the EEOC entirely and file his own suit. Since the resulting federal court action is entirely de novo and does not in any way rely upon the EEOC's actions, the charging party's interest in remedying any discrimination which is still occurring and obtaining relief for past discrimination is fully satisfied"); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (plaintiff did not have a "clear right" to a writ of mandamus requiring EEOC to investigate her charge because she could file suit against her employer). Accordingly, if plaintiff is dissatisfied with the manner in which the Commission processed or decided his administrative charge, his only avenue of redress is to pursue a civil action against his employer, the D.C. Government, the entity he alleges engaged in prohibited employment discrimination against him. If plaintiff ultimately prevails in such an action, the D.C. Government will be required to provide plaintiff with all the relief to which he is entitled under Title VII.

      Therefore, because plaintiff cannot state a claim under Title VII for which relief can be

granted against defendant EEOC, his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, defendant EEOC respectfully moves this Court to dismiss this complaint against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

    /s/
JEFFERY A. TAYLOR, D.C. Bar # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
United States Attorney


    /s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of October, 2006, a copy of the foregoing Motion to Dismiss was mailed, postage prepaid, to plaintiff, <u>pro se</u> at the following address:

Charles M. Bagenstose
1019 Butterworth Lane
Upper Marlboro, MD 20774

       /s/
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530