RECEIVED
NOV 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
CHARLES M. BAGENSTOSE,     )
        Plaintiff          )
                           )
    v.                     )   Civil Action No. 1:06CV01245(JDB)
                           )
GOVERNMENT OF THE DISTRICT )
OF COLUMBIA et al.,        )
        Defendants         )
                           )
                           )
```

OPPOSITION TO DEFENDANT EEOC'S MOTION TO DISMISS

The Plaintiff opposes Defendant's Motion to Dismiss for the following reasons:

1. Defendant's Motion to Dismiss does not accurately portray the Plaintiff's complaint. The Plaintiff did not express dissatisfaction with the EEOC's processing of his charge. Rather, he asserted that the EEOC wouldn't even allow him to file a complaint against the D. C. Office of Human Rights (OHR), an arm of his former employer, the D. C. Government. (See page 4, Item 6, of the Plaintiff's Complaint) The reason given to justify this refusal was that any EEOC investigation of the Plaintiff's charges against the OHR could impair the working relationship between the two bodies.

2. According to literature distributed by the EEOC (e. g., Filing a Charge of Job Discrimination), "Any person who believes that his or her job rights have been violated has the right to file a charge of discrimination with EEOC." Accordingly, either the EEOC broke the law when it refused to allow the Plaintiff to file a complaint or its literature is deceptive and untruthful. Either

way, the Court should clarify matters, so that employees will not be misled in the future.

3. Exhibit No. 1 demonstrates the insincerity of the EEOC. The letter states that after a careful review of the Plaintiff's case (as opposed to an investigation); the EEOC decided to issue the Plaintiff a Dismissal and Notice of Rights, because the OHR found that the Plaintiff was retaliated against when he was RIFed on June 18, 1996. The author of the Letter, David Gonzalez, was fully aware that the OHR attributed the retaliation to the wrong complaint, so that the Plaintiff did not really win his case. No other reason, such as lack of evidence, was given nor was there any indication on the Dismissal and Notice of Rights that the findings of the OHR had been adopted by the EEOC.

4. Exhibit No. 2 attempts to gloss over the deficiencies of Mr. Gonzalez's letter by stating that the EEOC reviewed the findings of the OHR and accepted them. This means that the following OHR practices are acceptable to the EEOC:

   a. Rejecting a signed admission of wrongdoing by a school administrator, because his or her supervisor didn't sign off on it

   b. Reopening a case twice, because the D. C. Public Schools didn't respond to the tough questions the first reopening posed.

   c. Closing a case before it has run its full course so as to prevent the Complainant from associating the precipitating issue with the final outcome

   d. Ignoring facts so as to arrive at a false conclusion

   e. Ignoring precedent court cases, which established fair and just procedures

   f. Attributing retaliation to a complaint other than the one the OHR was asked to investigate

   g. Notifying a third party that a complaint has been filed rather than the perpetrator of the discriminatory act

   h. Holding "limited" hearings so as to prevent a Complainant from presenting his case and so as to force the Complainant to attempt to prove an implausible assertion

   i. Falsifying, distorting, or omitting evidence supporting a Complainant's case

   j. Suppressing evidence supporting a Complainant's case

   k. Blatantly lying about what a Complainant said or claimed during a hearing

   By supporting these practices, the EEOC is in complicity with the OHR.

5. The Office of the United States Attorney is shamefully defending the inappropriate actions of the EEOC to the detriment of future Complainants with meritorious cases. Such behavior can dissuade future employees from making or supporting a charge of discrimination. A U. S. Supreme Court decision (<u>Burlington Northern and Santa Fe Railway Co. v. White</u>, No. 05-259) found that illegal retaliation can take place if an employer's actions are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Although the EEOC is not acting as an employer in this situation, it is colluding with an employer, namely the D. C. Government. Therefore, the <u>Burlington</u> decision applies.

6. The Plaintiff prays that the Court will order the EEOC to accept complaints from D. C. Government employees and to process them in good faith according to the law. Since the EEOC failed to do that in the instant case, it should be held culpable.

7. If the Court sides with the EEOC in this matter, the winners will

be David Gonzalez, who put his personal job security over his duty to enforce Title VII, and the D. C. Government, which will be assured that it can continue to pursue egregious acts against its employee complainants without EEOC interference.

8. If the Court sides with the Plaintiff, the winners will be all D. C. Government employees, who will be assured that the EEOC will process their complaints fairly, and the U. S. Supreme Court, which will see the principles it has handed down judicially enforced.

9. The Defendant's Motion to Dismiss does not address the merits of the Plaintiff's case, which apparently the Defendant regards as immaterial. Instead, the Defendant's argument seems to be: So what? We can do, or not do, anything we want! In other words, the EEOC regards itself as a law unto itself and accountable to no one. Thus, the EEOC's so-called "substantial weight review" is a sham. No D. C. Government employee can expect the EEOC to override any OHR decision, because that could "impair the working relationship" between the two adjudicative bodies. Did Congress intend for this conspiratorial understanding to occur? If not, then in the interest of justice the Court must change that disgraceful arrangement, precedent court decisions notwithstanding.

For all of the reasons listed above, the Plaintiff respectfully requests the Court to deny the Defendant's Motion to Dismiss. He also requests a jury trial.

Respectfully submitted,

*Charles M. Bagenstose*
Charles M. Bagenstose, Pro se
1019 Butterworth Lane
Upper Marlboro, Maryland 20774
301-336-0622

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Defendant EEOC's Motion to Dismiss was mailed, postage prepaid, to the following person on the 1st day of November, 2006:

Charlotte A. Abel
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N. W.
Washington, D. C. 20530

                                                         Charles M. Bagenstose



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington Field Office

1801 L Street NW, Suite 100
Washington, DC 20507
(202) 419-0714



April 17, 2006

Charles Bagenstose
1019 Butterworth Lane
Upper Marlboro, MD 20774

Re:  Bagenstose v. D.C. Public Schools
     EEOC Charge No. 10C 1996 00203

Dear Mr. Bagenstose:

This is in response to your request for a substantial weight review of the above-referenced charge of employment discrimination. After careful review of your case, which was investigated by the D.C. Office of Human Rights, the EEOC has decided to issue you a "Dismissal and Notice of Rights." Please be aware that if you wish to pursue the matter in Federal court, you must file suit within 90 days.

Your charge filed in July 1996, alleged that you were discriminated against and harassed due to your age, 66, race, White, and in retaliation for complaining of discrimination. Since the D.C. Office of Human Rights found that you were retaliated against when you were RIFed on June 18, 1996, we are administratively closing your charge and issuing you a Right to Sue letter.

If you would like to obtain copies of your investigative file, you need to contact the D.C. Office of Human Rights. Their offices are located at 441 4th Street, N.W., Suite 570N, Washington, D.C. 20001. I am sorry that we cannot help you further in this matter.

Sincerely,

David Gonzalez
State & Local Coordinator

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Charles H. Bagenstose<br>1019 Butterworth Lane<br>Upper Marlboro, MD 20774 | From: Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-1996-00203 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    **Administrative Closure**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature: Dana R. Hutter]*            April 17, 2006

Enclosure(s)      Dana Hutter,<br>Director      *(Date Mailed)*

cc:<br>D.C. PUBLIC SCHOOLS<br>415 12th Street, N.W.<br>Washington, DC 20004



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington Field Office

1801 L Street, N.W., Suite 100
Washington, D.C. 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739

Exhibit No. 2

JUN 27 2006

Charles Bagenstose
1019 Butterworth Lane
Upper Marlboro, Maryland 20774

Dear Mr. Bagenstose:

Thank you for your letter dated June 2, 2006, to Chair Cari M. Dominguez concerning the charge of discrimination you filed with the District of Columbia Office of Human Rights ("DCOHR") against the District of Columbia Public Schools (EEOC Charge Number 10C-1999-00203). The Chair has asked this office to respond directly to you.

Under our worksharing agreement, DCOHR processes charges of discrimination it receives, and the EEOC reviews those findings. In your case our office reviewed your charge and the DCOHR's findings, and accepted them. While we understand that you view things differently, we have reviewed the information you have submitted and stand by our conclusion that DCOHR appropriately handled your charge.

Please understand that you have 90 days from when you received the Right to Sue letter to bring an action in court. Failure to do so means that you have forfeited your right to pursue this matter judicially.

We hope this information is helpful to you.

Sincerely,

Dana R. Hutter
Director