UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES M. BAGENSTOSE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1245 (JDB) |
| ) | |
| **GOVERNMENT OF THE DISTRICT** ) | |
| **OF COLUMBIA** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Defendant EEOC's Reply to Plaintiff's Opposition to EEOC's Motion to Dismiss**

Plaintiff contends that defendant EEOC's motion to dismiss "does not accurately portray" his complaint and that, therefore, its motion to dismiss is not responsive to plaintiff's claims. Plaintiff contends that his complaint, as it applies to EEOC, does not challenge EEOC's substantial weight review of the administrative employment discrimination complaint plaintiff filed with the D.C. Office of Human Rights (OHR). Rather, plaintiff argues that his complaint challenges EEOC's alleged refusal to allow plaintiff to file a charge with EEOC against OHR.

Plaintiff's complaint, at paragraphs 6, 7, and 8, contains the contention that EEOC erred in the manner in which it conducted and adjudicated its substantial weight review of his OHR-filed administrative EEO complaint. EEOC has argued in its motion to dismiss that plaintiff's claims as to EEOC's substantial weight review should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Nothing set forth in plaintiff's opposition statement challenges or otherwise refutes EEOC's reasoning or conclusions regarding why plaintiff's complaint should be dismissed.

Assuming, arguendo, that the real thrust of plaintiff's complaint challenges EEOC's alleged refusal to allow him to maintain an administrative charge against OHR, this contention also fails to state a claim for which relief can be granted and similarly should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

1. <u>Only Charges of Employment Discrimination Can Be Filed with EEOC</u>

In his opposition statement, plaintiff contends he wanted to file a charge with EEOC against OHR because he believed OHR retaliated against him when it did not rule in his favor regarding the administrative EEO complaint he had filed against the D.C. Public Schools. Assuming EEOC refused to accept such a charge, plaintiff was not injured in that EEOC lacks authority to accept charges that do not allege employment discrimination. *See* § 706(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200oe-5(b) (Commission is empowered to investigate only charges alleging that an employer, employment agency, labor organization, or a joint labor-management committee controlling apprenticeship or other training or retraining programs, has engaged in an unlawful employment practice); 29 C.F.R. §§ 1601.6(a) & 1601.7(a) (Commission has authority to investigate only a charge alleging an unlawful employment practice).

Plaintiff had filed with OHR an administrative EEO complaint regarding his employment with the D.C. School System. OHR eventually issued a ruling in favor of the school system. Plaintiff believed OHR rendered its ruling in order to retaliate against plaintiff. According to plaintiff, he wished to file a charge with EEOC against OHR based on the alleged discriminatory adjudication of his underlying administrative complaint. Such a charge does not raise issues of

employment discrimination vis-a-vis plaintiff and OHR,[1] which is the only type of discrimination issue EEOC is empowered to investigate. Therefore, his proposed charge was not one EEOC had to authority to process.

In the case where a charge is filed and EEOC subsequently determines that the charge does not allege an unlawful employment practice, EEOC must dismiss that charge. *See* 29 C.F.R. § 1601.18(a) (where a charge fails to state a claim under a Federal EEO statute, the EEOC shall dismiss the charge). Thus, even assuming plaintiff had filed a charge against OHR and EEOC initially accepted it, the charge eventually would have been dismissed. Even assuming, therefore, that EEOC refused to accept plaintiff's charge, plaintiff was not harmed by that refusal because his charge, had it been accepted, would have been dismissed pursuant to EEOC regulations and procedure. Therefore, plaintiff was not injured when he allegedly was denied an opportunity to file a charge against OHR in its adjudicatory role.

Moreover, while a dismissal by EEOC would have provided plaintiff with a notice of right-to-sue, *see* 29 C.F.R. § 1601.18(e), plaintiff was not prejudiced in any way since he received a notice of right-to-sue at what would have been the same time when EEOC completed its substantial weight review.

2.    Plaintiff Cannot Have Two Bites of the Apple

The charge plaintiff contends he wished to file with EEOC regarding OHR's adjudication of plaintiff's administrative complaint against the D.C. School System constitutes an impermissible collateral attack against that adjudication. Pursuant to EEOC regulations, once

---

[1] In this regard, plaintiff does not assert he was employed by OHR or that he had applied for a job with OHR. Rather, at all times relevant to this complaint, plaintiff's only relationship with OHR has been that of a party to an administrative EEO complaint regarding his employer, the D.C. School System.

3

a Fair Employment Practice Agency (FEPA), such as OHR, issues its final action on an employee's complaint, the employee can request that EEOC conduct a substantial weight review of the FEPA's final action.  *See* 29 C.F.R. § 1601.76.  Plaintiff admits that he requested a substantial weight review and that EEOC conducted this review.

In requesting a substantial weight review, plaintiff was able to raise his allegations of reprisal and discrimination regarding OHR's adjudication of his administrative complaint. During the substantial weight review, EEOC had the opportunity to consider plaintiff's claims that OHR's decision was tainted by discriminatory animus (claims that, had they been asserted in a separate charge, EEOC would not have been empowered to consider).  Given that plaintiff requested that EEOC conduct a substantial weight review of OHR's findings, a filing of a separate charge attacking OHR's adjudication of his administrative complaint would have been redundant vis-a-vis the substantial weight review.  Thus, even assuming plaintiff attempted to file a separate charge with EEOC against OHR regarding its adjudication of his underlying EEO complaint, he would not have been able to maintain that charge and would have been entitled to nothing more than what he received when EEOC conducted its substantial weight review.

In conclusion, just as there is no cause of action against EEOC regarding its processing of a charge of employment discrimination, an individual cannot file with EEOC a charge of employment discrimination against a FEPA for the manner in which it processes an EEO complaint.  As noted in EEOC's motion to dismiss, to the extent plaintiff is dissatisfied with the manner in which his administrative complaints and charges have been resolved on the administrative level, his only remedy is to bring an action against his employer, the D.C. Public Schools.  Accordingly, to the extent plaintiff's complaint can be read as alleging that EEOC

failed to allow him to file a charge regarding the manner in which OHR adjudicated his underlying employment discrimination complaint against the D.C. School System, plaintiff has failed to state a claim upon which relief can be granted and his complaint should be dismissed.

        /s/
JEFFERY A. TAYLOR, D.C. Bar # 498610
United States Attorney


        /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
United States Attorney


        /s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332