Exhibit No. 1

1019 Butterworth Lane
Upper Marlboro, Maryland 20774
September 26, 2006

Ms. Diane Betz, Equal Opportunity
Supervisor for Investigations
Government of the District of Columbia
Office of Human Rights
441 4th Street, N. W., Suite 570N
Washington, D. C. 20001

Dear Ms. Betz:

You have been straight with me in the past, so I have faith in you that you will be equally honest with me now.

On the last page of the flier Human Rights Enforcement it states that:

THE COMPLAINT PROCESS FOR DISTRICT GOVERNMENT EMPLOYEES ALLEGING EMPLOYMENT DISCRIMINATION IS SOMEWHAT DIFFERENT. INFORMATION ABOUT PROCESSING PUBLIC SECTOR CASES MAY BE OBTAINED BY CALLING THE OFFICE OF HUMAN RIGHTS.

Well, I did call, but I was told that the only difference is that it usually takes 120 days to reach a determination in private sector cases and 180 days in public sector cases. In the light of the paragraph which I just cited, that explanation doesn't sound as though it is complete.

I would like to know in full detail what the differences in procedures really are. For example, on the third page it says that the **person** or organization against whom a complaint has been filed will be notified. Under what circumstances is the **person** notified, and under what circumstances is a supervisor or department head notified instead?

Also, on the third page it states that after a "probable cause" determination is made, the D. C. Commission on Human Rights will assign the case to a Hearing Examiner for a hearing in a court-like setting. Under what circumstances is a "limited" hearing held instead?

I am requesting this information pursuant to the Freedom of Information Act and would appreciate a prompt response.

Thank you very much for all of your kindnesses to me in the past.

Very truly yours,

Charles M. Bagenstose
301-336-0622

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of Human Rights**

*Exhibit No. 2*

★ ★ ★

Judiciary Square Office
441 4th Street, NW, Suite 570N
Washington, DC 20001
Phone: (202) 727-4559  Fax: (202) 727-9589

Penn Branch Office
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559  Fax: (202) 645-6390

October 19, 2006

Charles M. Bagenstose
1019 Butterworth Lane
Upper Marlboro, Maryland 20774

Reference:  *Freedom of Information Act Request*

Dear Mr. Bagenstose:

The D.C. Office of Human Rights ("OHR") received your request pursuant to the D.C.
Freedom of Information Act ("FOIA"), D.C. Code § 2-531 *et seq*.  However, your
request consists of a series of questions surrounding the complaint process in our office
instead of the usual FOIA request for documents.

In accordance with FOIA, you are entitled to any documents in our possession except
those specifically exempted from disclosure by the FOIA statute.  After considering your
request, it has been determined that the enclosed documents provide the answers to your
questions and are responsive to your FOIA request.  Enclosed you will find a copy of the
pertinent portion of the District of Columbia Municipal Regulations that apply to our
agency and a copy of a document explaining the complaint filing procedure in our office.

Generally, a reproduction fee of twenty-five cents (.25) per page is assessed.  You are
being provided with twenty (20) reproduced pages; however, the fee has been waived in
your case.

Sincerely,

Jewell T. Little
Agency Counsel/FOIA Officer
D.C. Office of Human Rights
441 4th Street, N.W., Suite 570N
Washington, DC 20001
(202) 727-6910

**105**     **PRE-COMPLAINT PROCESSING**     *D.C. Government Employee Procedure*

105.1    An employee who believes that he or she ha̶    ̶ause of race, color, religion, national origin, sex, age, mar    , sexual orientation, family responsibilities, matricula̶    ̶ical affiliation in connection with any aspect of District gover    ̶t an EEO counselor within one hundred-eighty (180) calendar days of the occurrence of the alleged unlawful discriminatory practice or within one hundred eighty (180) calendar days of his or her discovery of the occurrence, except that a complaint of sexual harassment may be filed directly with the Office.

105.2    The EEO Counselor shall then do the following:

(a)    Make an inquiry and review of the matter;

(b)    Seek a solution of the matter on an informal basis;

(c)    Counsel the complainant or his or her representative concerning the issues of the matter;

(d)    Keep a record of counseling activities so as to brief, periodically, the agency EEO Officer on those activities;

(e)    When advised by the Director, EEO that the complaint of discrimination has been accepted and is under investigation, submit a written report to the agency EEO Officer, with a copy to the complainant, his or her representative, and the Director, EEO summarizing his or her actions and advice to solve the matter within the department including, but not limited to, the following:

(1)    A thorough review of the circumstances under which the alleged discrimination occurred;

(2)    The treatment of members of the complainant's group, if any, identified by the complaint as compared with the treatment of other employees in the organization unit which the alleged discrimination occurred;

(3)    The examination of any pertinent records; and

(4)    The review of any policies and practices related to the work situation which may constitute or appear to constitute discrimination even though they have not been expressly cited by the complainant.

105.3    The EEO Counselor shall, insofar as is practicable, conduct the final interview with the complainant not later than twenty-one (21) calendar days after the date on which the matter was called to his or her attention by the complainant.

105.4    The EEO Counselor shall advise the complainant in writing in the final interview of the complainant's right to file a formal complaint with the Director, EEO, within fifteen (15) calendar days of the final interview if the matter has not been resolved to complainant's satisfaction.

105.5    A formal complaint to the Director, EEO shall be filed by the complainant within fifteen (15) calendar days after the final interview has been conducted by the EEO counselor.

105.6    Complaints filed after the fifteen (15) calendar day period specified in § 105.4 shall be deemed untimely and dismissed by the Director, EEO.

105.7    In any event, and regardless of whether or not the EEO Counselor completes his or her review and action within the time limits, a complainant shall be free to file a complaint with the Director, EEO at the expiration of the twenty-one (21) day review period set forth in § 105.3.

105.8    If a final interview is not conducted by the EEO Counselor, the complainant may file a formal complaint to the Director, EEO within sixty (60) calendar days after the date on which the matter was called to the attention of the EEO Counselor, pursuant to § 105.1.

105.9    Complaints filed beyond the sixty (60) calendar day period specified in § 105.8 shall be deemed untimely and dismissed by the Director, EEO.

105.10    The EEO Counselor shall not reveal the identity of a complainant who has come to the Counselor for consultation, except when authorized to do so by the complainant in writing, until a complaint of discrimination has been filed with the Director, EEO.

105.11    The EEO Counselor shall be free from restraint, interference, coercion, discrimination, or reprisal and shall be given the assistance and cooperation of the department or agency in connection with the performance of his or her duties under this chapter.

105.12    At any stage in the proceeding under this chapter the complainant shall be free from restraint, interference, coercion, discrimination, or reprisal, and shall have the right to be accompanied, represented, and advised by a representative of his or her own choosing.

105.13    If the complainant is an employee of the District government, he or she shall have a reasonable amount of official time for preparation and presentation of his or her complaint.

105.14    If the complainant designates an employee of the District government as his or her representative, the representative shall be free from restraint, interference, coercion, discrimination, or reprisal, and shall have a reasonable amount of official time to prepare and present the matter.

105.15    Whenever a matter is submitted to the EEO Counselor under the provisions of this chapter with respect to a pending appointment, promotion, transfer, reduction-in-force, termination, disciplinary action, or other adverse action, the agency head shall hold the action in abeyance until the matter is resolved by the EEO Counselor, EEO Office, or EEO Officer, or until the complainant has exercised his or her opportunity to file a formal complaint with the Director, EEO.

105.16    The requirements of § 105.15 shall be suspended by the Director, EEO, pending a resolution of the matter, if it is shown that immediate and irrevocable harm to the agency will result or there will be a substantial interference with the efficient operation of the agency.

105.17    The requirements of § 105.15 may be waived by agreement between the agency head and the Director, EEO, if sufficient and appropriate opportunities will be available to provide relief to the complainant if the assertion of discrimination is upheld, or where the agency head effects the action on a temporary basis and subject to reversal if the complainant's assertion of discrimination is upheld.

SOURCE: Final Rulemaking published at 31 DCR 56, 62-64 (January 6, 1984); as amended by Final Rulemaking published at 43 DCR 6569, 6569-72 (December 13, 1996).

## 106    FILING AND PRESENTATION OF COMPLAINTS

106.1    A verified and written complaint of discrimination shall be submitted by the complainant, in person to the Director, EEO within fifteen (15) calendar days of the date of the complainant's final interview with the EEO Counselor.

106.2    The time limit for filing may be extended by the Director, EEO upon a showing by the complainant that good cause prevented the complainant from submitting the complaint within the prescribed time limit.

106.3    Upon filing of a complaint the Director, EEO shall provide a copy to the agency in which the complainant is employed.

106.4    At any stage in the presentation of a complaint, including the pre-complaint counseling stage, the complainant shall have the right to be represented, accompanied, and advised by a representative of his or her choosing.

106.5    The Director, EEO may dismiss or reject a complaint of discrimination for the following reasons:

(a)    It is not timely filed;

(b)    It is not within the scope of this chapter; or

(c)    The complainant fails to prosecute the complaint.

106.6    In the event of a rejection or dismissal, the Director, EEO shall transmit the decision by letter to complainant or his or her representative, which shall inform the complainant or his or her representative of complainant's right to request reconsideration or the reopening of the case by the Director, EEO pursuant to § 114.4. A copy of the decision shall also be transmitted to the respondent agency.

106.7    In order to resolve each complaint expeditiously, the complainant and the District government shall proceed with the complaint without undue delay so that the complaint is resolved, insofar as a practicable, within one hundred eighty (180) calendar days after its receipt by the Director, EEO, including the time spent processing the complaint by the Hearing Examiner.

106.8    If a complaint has not been resolved within the time limit in § 106.7, the complainant may appeal to the City Administrator for a review of the reasons for the delay.

106.9    The complainant shall be responsible for prosecuting the complaint without undue delay so as to permit resolution of the complaint within the prescribed time limits.

106.10    The complainant shall provide reasonable assistance and all pertinent information to the Office of Human Rights (OHR) staff in processing the complaint.

106.11    The Director, EEO may dismiss a complaint if the complainant fails to process the complaint without necessary delay or may adjudicate the complaint on the basis of the existing record if sufficient information for that purpose is available.

106.12    Officers and employees of District government agencies and departments in which a complaint arises under this chapter shall not cause hardship, delay, or interference with the efforts of the EEO Counselor, the complainant or the complainant's representative, staff members of the OHR, or the Hearing Examiner, in their efforts and activities to process the complaint to a resolution.

106.13    All District agencies and departments shall make every effort to make available as witnesses at hearings those employees whose testimony is determined to be necessary by the Hearing Examiner.

106.14    A complaint may be amended by the complainant at any time prior to the issuance of a summary determination pursuant to § 109, or a decision following a hearing pursuant to § 114.

106.15    An amendment shall be in writing and verified, and shall be submitted by the complainant or the complainant's representative to the Director, EEO.

106.16    When an amendment is filed, the Director, EEO shall serve a copy of the amendment upon the respondent within five (5) work days of the amendment.

106.17    The respondent shall, within five (5) work days after service of the amendment, file an answer to the amendment.

**SOURCE:** Final Rulemaking published at 31 DCR 56, 64-65(January 6, 1984); as amended by Final Rulemaking published at 43 DCR 6569, 6572-73 (December 13, 1996).

## 107    INVESTIGATION

107.1    Each complaint shall be promptly investigated by the Office of Human Rights.

107.2    The investigator assigned to a case is authorized to administer oaths and require that the statement of a witness shall be under oath or affirmation, without a pledge of confidence.

107.3    A witness shall not be subjected to any form of restraint, interference, coercion, discrimination, or reprisal because of consultation with or information provided to the Office of Human Rights staff.

107.4    The Director, EEO shall arrange, upon written request, to furnish the complainant, the complainant's representative, the appropriate agency EEO Officer or the agency head a copy of the investigative file upon completion of the investigation. The cost of reproduction shall be borne by the department or agency in which the complaint arose.

107.5    The investigator, upon completion of the investigation, shall submit in writing to the Director, EEO a statement of proposed findings of fact, conclusions and recommendations.

107.6    The activities of the Director, EEO under this chapter shall be considered investigations or examinations of municipal matters within the meaning of the Act of July 1, 1902, (D.C. Official Code § 5-1021 (2001)) and § 3 of D.C. Law 3-109, D.C. Official Code § 1-301.21 (2001), and the Director, EEO and hearing officers shall possess the powers vested in the Mayor by those statutes.

**SOURCE:** Final Rulemaking published at 31 DCR 56, 66 (January 6, 1984).

## 108    ADJUSTMENT OF COMPLAINTS

108.1    At any time during the course of the investigation of a complaint under § 107, the Director, EEO may review the investigative file and may propose terms for adjustment of the complaint to the head of the agency in which the complaint arose.

108.2    Every effort shall be made to adjust a complaint informally. For example, a complaint may be settled through voluntary action of an agency head to correct the situation out of which the complaint arose, and the withdrawal of the complaint by the complainant.

108.3   If an adjustment of the complaint is achieved, the terms of the adjustment shall be reduced to writing and made part of the complaint file. A copy of the terms of adjustment shall be given to the agency EEO Officer and the complainant or the complainant's representative, and the complaint file shall be closed.

108.4   Where a complaint has not been settled, dismissed or is the subject of a summary determination, the Director, EEO may, after investigative efforts, determine whether reasonable cause exists to believe that a violation has occurred. A determination as to reasonable cause shall be based on, and limited to, evidence obtained by the Office and does not reflect any judgment on the merits of allegations not addressed in the determination.

108.5   A letter incorporating the determination of reasonable cause and the basis for the finding shall be served on the complainant or a representative and the respondent agency, along with a notice inviting the parties to conciliate.

108.6   The respondent agency shall, within fifteen (15) calendar days of receipt of the letter of determination, notify the Director, EEO in writing, of its decision to enter into conciliation.

108.7   If the respondent agency accepts the invitation to conciliate, the Director, EEO shall set a date for a post determination conciliation conference to be held within twenty (20) calendar days of the receipt of the agency's acceptance.

108.8   If the parties cannot agree to a settlement, or if the agency fails to respond within the fifteen (15) days prescribed in § 108.6, or declines the invitation to conciliate, the Director, EEO shall notify the complainant in writing of the opportunity for a hearing, of the right of the complainant to a summary determination as provided in § 109.

108.9   The Complainant shall have fifteen (15) calendar days from the receipt of the notice prescribed in § 108.8 to notify the Director, EEO in writing of the complainant's request for a hearing or a summary determination.

   **SOURCE:** Final Rulemaking published at 31 DCR 56, 66-67 (January 6, 1984).


**109      SUMMARY ACTION ON COMPLAINTS**

109.1   If no adjustment is agreed upon during the course of an investigation, or following conciliation efforts, the Director, EEO may make a summary determination on the merits of a complaint based solely upon information in the complaint file.

109.2   In making a summary determination, the Director, EEO may issue an order to the department head requiring appropriate remedial action including, but not limited to, hiring, reinstatement, promotion, rescission of adverse action, or award of compensatory credits which are authorized by existing personnel regulations and statutes.

109.3    The Director, EEO may issue an order dismissing the complaint for lack of reasonable cause to credit the allegations.

109.4    Any order issued by the Director, EEO shall be in writing and shall advise the complainant and the agency head of their right to request reconsideration or the reopening of the case by the Director, EEO pursuant to § 114.

109.5    Within fifteen (15) days after issuance of any order by the Director, EEO, either party may request reconsideration or the reopening of the case, pursuant to § 114.4.

109.6    All appeals shall be processed in accordance with the provisions of § 115 of this chapter.

109.7    If the Director, EEO determines that a matter is not appropriate for summary determination, the complainant shall be advised of the right to a formal hearing, before an independent hearing examiner with a subsequent decision by the Director, EEO based upon the Hearing Examiner's report and recommendations.

109.8    The complainant shall have fifteen (15) calendar days from receipt of the notice to notify the Director, EEO whether or not he or she wishes to have a hearing.

109.9    If the complainant fails to request a formal hearing within fifteen (15) calendar days in accordance with § 109.8, the Director, EEO may make a determination on the merits of the complaint based solely upon information in the complaint file, and may dismiss the complaint, or order remedial action.

SOURCE:  Regulation No. 73-22, approved November 16, 1973; Mayor's Order 75-230, dated October 31, 1975, 34 DCRR; as amended by Final Rulemaking published at 31 DCR 56, 67-68 (January 6, 1984); as amended by Final Rulemaking published at 43 DCR 6569, 6573 (December 13, 1996).

## 110    CONDUCT OF HEARINGS BY HEARING EXAMINERS

110.1    The Director, EEO shall notify all necessary parties in writing that a hearing will be held.

110.2    Hearings shall be held by a qualified Hearing Examiner who shall not be an employee of the department in which the complaint arose, and who shall not have investigated the complaint, or taken or reviewed an action giving rise to the complaint being heard.

110.3    The Director, EEO shall select a Hearing Examiner from among impartial employees of the District government qualified to conduct a hearing on a discrimination complaint.

110.4    In addition to any other power specified in this chapter, a Hearing Examiner shall have the power to do the following:

(a) Hold pre-hearing conferences to narrow the issues of the complaint, provide notice and information of the hearing procedure, and to take other actions deemed necessary to expedite the hearing;

(b) Administer oaths and affirmations;

(c) Examine and cross-examine witnesses;

(d) Request the issuance of subpoenas authorized under this chapter;

(e) Rule upon offers of proof and receive evidence;

(f) Regulate the course and conduct of the hearing, including the following:

    (1) Continuing the hearings to a later date or different place by announcement at the hearings or other appropriate notice;

    (2) Taking official notice of any material fact;

    (3) Ruling upon the admissibility of evidence and testimony;

    (4) Determining whether the hearing will be open to the public; and

    (5) Taking appropriate measures to assure that there shall be no interference with the orderly conduct of the hearing; and

(g) Prepare and deliver to the Director, EEO a Hearing Examiner's report which shall include a brief and concise statement of the history of the subject matter of the hearing, findings of fact, conclusions of law, analysis, and a recommendation or proposed order.

110.5 The Director, EEO shall transmit the complaint file to the Hearing Examiner.

110.6 The Hearing Examiner shall review the complaint file to determine whether further investigation is needed before scheduling the hearing.

110.7 If the Hearing Examiner determines that further investigation is needed, the Hearing Officer shall either return the complaint file to the Director, EEO for further investigation or arrange with Director, EEO for the appearance of witnesses necessary to supply the needed information at the hearing.

110.8 The Hearing Examiner shall schedule the hearing for a convenient time and place.

110.9    The Director, EEO shall provide the Hearing Examiner adequate space, appurtenances and services necessary for the hearing.

> **SOURCE:** Regulation No. 73-22, approved November 16, 1973; Mayor's Order 75-230, dated October 31, 1975, 34 DCRR; as amended by Final Rulemaking published at 31 DCR 56, 68-69 (January 6, 1984).

## 111    HEARING PROCEDURES

111.1    The Hearing Examiner shall conduct the hearing so as to bring out pertinent facts, including the production of pertinent documents.

111.2    The Hearing Examiner shall permit wide latitude in the introduction of evidence, but shall exclude irrelevant and unduly repetitious evidence.

111.3    The Hearing Examiner shall receive only evidence, testimony or information which may have a bearing upon the complaint or upon any other employment policy or practice related to the complaint.

111.4    The Director, EEO may designate an employee of the Office of Human Rights who shall, to aid in a complete, fair and impartial hearing, have full opportunity to participate in the presentation of the case, as warranted by the issues of the matter.

111.5    District government employees shall be required to serve as witnesses at hearings held under the provisions of this chapter.  Absence from regular duty to serve as a pay witness shall be without charge to leave or loss in pay.

111.6    Witnesses may be requested by the complainant or the complainant's representative, subject to the approval of the Hearing Examiner of the reasons given by either party as to the need for the witnesses.

111.7    The Hearing Examiner shall request the Director, EEO to make available as a witness at the hearing any District employee whose appearance the appeals examiner deems necessary.

111.8    The Hearing Examiner shall request the Director, EEO to make available any other person whose appearance the Hearing Examiner deems necessary.

111.9    The denial of a request for the appearance of a person as a witness by the Hearing Examiner shall include the reasons for denial and shall be entered into the record of the hearing.

111.10    Request for witnesses may be submitted to the Director, EEO in writing by either party not later than three (3) working days in, advance of the scheduled hearing date.

111.11    Each agency head shall make employees available to serve as witnesses whenever it is administratively possible and practicable to do so.

111.12    Reasons for denial by an agency head of a request for the service of an employee as a witness shall be sent in writing to the Director, EEO with a copy to the Hearing Examiner for inclusion in the complaint record and the hearing record.

111.13    If the explanation is inadequate, the Hearing Examiner shall advise the Director, EEO and request the Director, EEO to order the employee made available as a witness at the hearing.

111.14    An agency head shall be required to make the employee available when directed by notice from the Director, EEO.

111.15    If the explanation is adequate, the Hearing Examiner shall insert it in the record of the hearing, provide a copy to the complainant and the agency, and make arrangements to secure testimony from the employee through written interrogatories.

111.16    Witnesses shall not be subjected to restraint, interference, coercion, discrimination, intimidation, or reprisal in presenting testimony or because having given testimony.

**SOURCE:**  Final Rulemaking published at 31 DCR 56, 69-71 (January 6, 1984).

## 112    RECORDS AND TRANSCRIPTS OF HEARINGS

112.1    Each hearing shall be recorded and transcribed verbatim.

112.2    The record shall consist of the complaint file, exhibits, transcripts and all other documents submitted to and accepted by the Hearing Examiner related to the subject matter of the hearing and made a part of the record.

112.3    The Director, EEO shall be responsible for the reproduction of records, at the expense of the respondent agency.

112.4    A copy of the verbatim transcript shall be furnished to the complainant or the complainant's representative, the Hearing Examiner, the department concerned, and the Director, EEO including a copy of each document made a part of the record by the Hearing Examiner.

**SOURCE:**  Regulation No. 73-22, approved November 16, 1973; Mayor's Order 75-230, dated October 31, 1975, 34 DCRR; Final Rulemaking published at 31 DCR 56, 71-72 (January 6, 1984).

**113**     **FINDINGS AND RECOMMENDATION OF THE HEARING EXAMINER**

113.1    Within thirty (30) days time after receipt of the transcript or post hearing submissions, whichever is later, the Hearing Examiner shall transmit to the Director, EEO the following:

   (a)    The complaint file;

   (b)    The record of the hearing;

   (c)    A report including a brief and concise statement of the history of the subject matter of the complaint;

   (d)    Findings of fact;

   (e)    Conclusions of law; and

   (f)    Analysis, and recommendations, or proposed order.

113.2    A copy of the Hearing Examiner's report shall be transmitted to the complainant or the complainant's representative and to the agency representative, including a notice of the date on which the report was transmitted to the Director, EEO.

113.3    Any party who is aggrieved by the adoption of the Hearing Examiner's report and proposed recommendation or order, may, within twenty (20) days after receipt of the report, submit to the Director, EEO a proposed substitute order or findings, along with arguments in support of the proposed substitute.

   **SOURCE:**  Regulation No. 73-22, approved November 16, 1973; Mayor's Order 75-230, dated October 31, 1975, 34 DCRR; Final Rulemaking published at 31 DCR 56, 71 (January 6, 1984).

**114**     **FINAL DECISION OF THE DIRECTOR, EEO**

114.1    Following receipt of the Hearing Examiner's recommendations or proposed decision or order, and any argument or proposed substitute order or findings submitted by a party, the Director, EEO shall do one of the following:

   (a)    Render a final decision which may adopt, reject, or modify the decision of the Hearing Examiner; or

   (b)    Remand the matter for further hearings.

114.2    If the Director, EEO rejects or modifies the recommended decision of the Hearing Examiner, the final decision of the Director shall set forth in detail the specific reasons for rejection or modification.

114.3    The final decision of the Director, EEO shall be served on the complainant or the complainant's representative and the agency representative.

114.4    Either party may file a written request with the Director, EEO for reconsideration or the reopening of a case within fifteen (15) days from the date of issuance of the final decision.

114.5    A request for reopening will only be considered if the requesting party demonstrates that there is newly discovered evidence that is competent, relevant, and material and was not reasonably discoverable prior to issuance of the final decision by the Director, EEO and that such evidence, if credited, would alter the ultimate outcome in the case.

114.6    The final decision of the Director, EEO on a complaint for which there has been no hearing shall be transmitted by letter to the complainant or the complainant's representative and the agency representative stating the basis for the decision, including the findings of fact, analysis, and conclusions of law.

114.7    The letter transmitting the final decision of the Director, EEO shall advise the parties of their right to request reconsideration or the reopening of the case pursuant to § 114.4 or to seek judicial review of the decision by a court of competent jurisdiction.

114.8    If either party requests reconsideration or the reopening of the case pursuant to § 114.4, and the Director, EEO determines that the case should be reconsidered or reopened, the Director, EEO shall inform the parties that the case is being reconsidered or reopened and that the final decision previously issued by the Director, EEO is vacated.

114.9    If neither party requests reconsideration or the reopening of the case pursuant to § 114.4, the final decision of the Director, EEO shall become the final administrative action of the District government fifteen (15) calendar days after issuance of the decision, and the parties shall be deemed to have exhausted all administrative remedies.

114.10    If the Director, EEO decides not to grant a request for reconsideration or to reopen a case, the Director, EEO shall so notify the parties in writing, and at the time the notification is issued, the decision previously issued shall become the final administrative action of the District government.

114.11    If no action is taken on a request for reconsideration or to reopen a case within one hundred twenty (120) days, the request shall be deemed disapproved and the decision previously issued shall become the final administrative action of the District government.

114.12    In the interests of justice, the Director, EEO may *sua sponte* reopen or reconsider any case in which the Director, EEO has issued a decision at any time prior to the filing of an appeal by either party with a court of competent jurisdiction.

704.2    Where the information discloses that a person is entitled to file a charge with the Office, assistance shall be provided.

704.3    Any person or organization may request the issuance of a Director's order for an inquiry into individual or systematic discrimination prohibited by any of the laws referred to in § 704.1.

SOURCE: Final Rulemaking published at 33 DCR 6909, 6910 (November *Private Sector Employee Procedure*

## 705    FILING OF COMPLAINTS

705.1    Any person or organization may file with the Office a complaint of a violation of the provisions of the Act, including a complaint of general discrimination, unrelated to a specific person or instance. If a complainant lacks capacity, the complaint may be filed on his or her behalf by a person with an interest in the welfare of the complainant.

705.2    The complaint shall be in writing on a form obtained from the Office, or on any paper suitable for a complaint. The original complaint shall be signed and verified before a notary public or other person duly authorized to administer oaths and take acknowledgements. The Office shall furnish notary public service without charge.

705.3    The Director may initiate a complaint whenever the Director has reason to believe that any person has committed an unlawful discriminatory practice. A complaint initiated by the Director shall be signed by the Director.

705.4    A complaint alleging a discriminatory practice shall contain the following information:

(a)    The full name and address of the person(s) making the complaint (hereinafter referred to as the "complainant(s)");

(b)    The name and address of the person(s) alleged to have committed the unlawful discriminatory practice complained of (hereinafter referred to as the "respondent(s)");

(c)    A statement of the alleged unlawful discriminatory practice(s) and a statement of the particulars;

(d)    The date(s) of the alleged unlawful discriminatory practice, and if the alleged unlawful discriminatory practice is of a continuing nature, the dates between which the continuing acts of discrimination are alleged to have occurred; and

(e)    A statement describing any other action, civil, criminal, or administrative, instituted in any other forum or agency based on the same unlawful discriminatory practice as is alleged in the complaint.

705.5    Notwithstanding the provisions of § 705.4 of this chapter, a complaint shall be deemed sufficient when the Office receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practice complained of.

705.6    A notarized complaint shall be filed with the Office, either in person or mail. The Office shall accommodate physically handicapped persons who wish to file a complaint or who wish to make a personal appearance at the Office when filing a complaint. Accommodations may include, but shall not be limited to, a personal representative making an appearance on behalf of a physically handicapped complainant, or an Office representative delivering a complaint to a physically handicapped complainant for signature and notarization.

705.7    The Director shall establish and maintain a complaint file containing all documents pertinent to each case. The complaint file shall contain, at a minimum, the following documents as appropriate to the individual case:

(a)    The complaint;

(b)    The reply to data request;

(c)    Amendment(s) to the complaint;

(d)    Respondent's reply to the amendment(s);

(e)    Complainant's statement of withdrawal;

(f)    The investigator's summary and recommendations;

(g)    The extended processing summary and recommendations;

(h)    The Director's letter of determination;

(i)    The conciliation agreement;

(j)    Letter of certification to the Commission;

(k)    Letter of dismissal; and

(l)    The Commission's final determination.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6910-12 (November 7, 1986).

**706    AMENDMENT OF COMPLAINTS**

706.1    A complaint may be amended by the complainant or the Director at any time prior to a hearing.

706.2    When an amendment is filed, the Office shall serve a copy of the amendment upon the respondent within two (2) work days of the amendment. The respondent shall, within five (5) work days after service of the amendment, file an answer to the amendment.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6912 (November 7, 1986).

## 707    DISMISSAL FOR LACK OF JURISDICTION

707.1    If the Director determines, on the face of a complaint, that the Office lacks jurisdiction, an order dismissing the complaint shall be issued without an investigation being made.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6912 (November 7, 1986).

## 708    ADMINISTRATIVE DISMISSALS

708.1    A case shall be terminated without prejudice if the complainant submits a written request to withdraw the complaint, or for the following administrative reasons:

(a)    The complainant is absent and has failed to contact or cannot be contacted by the Office. The Office shall attempt to contact the complainant either by telephone or by certified mail and regular mail addressed to the complainant's address of record. Inability to contact by mail shall consist of mailing at least one (1) certified letter and one (1) regularly mailed letter which are returned unclaimed;

(b)    The complainant fails to proceed and when the Office has unsuccessfully attempted to contact the complainant by telephone after at least two (2) certified letters are sent and return receipts have been received by the Office, establishing that the letters were delivered to someone at complainant's address of record and complainant has failed to contact the Office within thirty (30) days of the date the first letter was mailed;

(c)    The complainant fails to state a claim for which relief can be granted under the Act; or

(d)    After preliminary investigation the Director determines that the Office lacks jurisdiction over the respondent.

708.2    An order dismissing a complaint for administrative reasons shall be in writing and served on the parties, stating the reasons for the dismissal.

708.3    A complainant may request that a complaint previously closed for administrative reasons or voluntarily withdrawn be reopened; provided, that complainant submits a written request within thirty (30) days of receipt of the order dismissing the complaint, stating specifically the reasons why the complaint should be reopened.

708.4    The Director, upon receipt of a request to reopen a complaint, may, within his or her discretion, reopen the case for good reasons or in the interest of justice; provided, that no determination has previously been made on the merits of the case.

708.5    The decision of the Director to reopen a complaint shall be served on all parties to the complaint.

       **SOURCE:** Final Rulemaking published at 33 DCR 6909, 6912-13 (November 7, 1986).

## 709    WITHDRAWAL OF COMPLAINTS

709.1    Complaints filed with the Office under the provisions of the Act may be voluntarily withdrawn at the request of the complainant at any time prior to the completion of the Office's investigation and findings as specified in § 305 of the Act, D.C. Official Code § 2-1403.05 (2001), except that the circumstances accompanying a withdrawal may be fully investigated by the Office.

       **SOURCE:** Final Rulemaking published at 33 DCR 6909, 6913 (November 7, 1986).

## 710    INVESTIGATION

710.1    The investigation of a complaint shall be made by the Office, or any other representative designated by the Director. As part of each investigation, the Office shall accept statements of position or evidence with respect to the allegations of the complaint which the person claiming to be aggrieved, the person making the charge on behalf of such person, if any, or the respondent wishes to submit.

710.2    The investigation may be made by field visits, written or oral inquiry, conference, or any other method or combination of methods suitable in the discretion of the Director or staff personnel assigned responsibility for the investigation, subject to appropriate guidelines.

710.3    As part of the Office's investigation, the Office may require the person claiming to be aggrieved to provide a statement which includes the following:

    (a)    A statement of each specific harm that the person has suffered and the date on which each harm occurred;

    (b)    For each harm, a statement specifying the act, policy, or practice which is alleged to be unlawful; and

    (c)    For each act, policy, or practice alleged to have harmed the person claiming to be aggrieved, a statement of the facts which led the person claiming to be aggrieved to believe that the act, policy, or practice is discriminatory.

710.4    If the investigator concludes that no additional information is necessary, the investigator's recommendation and the case file shall be submitted to the Director for a determination of whether there is probable cause to credit the complaint.

SOURCE: Final Rulemaking published at 33 DCR 6909, 6913-14 (November 7, 1986).


# 711    REQUESTS

711.1    Within five (5) work days of the service of a complaint on the respondent, the complaint shall be assigned to an investigator who shall, within eight (8) work days thereafter, prepare and serve upon respondent, via certified mail, a data request. The data request shall include a request for an answer to the complaint.

711.2    Respondent may have no more than twenty (20) work days after receipt of the data request to summit the requested information. However, in all instances, the requested information shall be submitted five (5) work days before the scheduled fact-finding conference.

711.3    If the respondent requests additional time to submit the information on the data request, an additional four (4) work days shall be allowed to permit respondent to be in compliance.

711.4    If respondent fails to comply with the request within the four (4) work days extension, the Office may amend the complaint to include violation of § 264(b) of the Act, D.C. Official Code § 2-1402.64(b) (2001), which will invoke the subpoena power as provided in § 720 of this chapter.

711.5    When a request is made to respondent for additional data not covered in the original data request, respondent shall be given a reasonable time, as determined by the investigator in, light of the peculiarities of that particular case, but not fewer than four (4) work days to submit the additional information.

711.6    Each party shall have the right to request that the Office obtain specified additional information. The Office shall, on request of a party, share all relevant and nonconfidential data acquired during the course of an investigation.

711.7    The complainant shall have an opportunity to rebut evidence submitted by or obtained from the respondent, before any determination dismissing a complaint for no probable cause is made by the Director.

SOURCE: Final Rulemaking published at 33 DCR 6909, 6914 (November 7, 1986).


# 712    FACT-FINDING CONFERENCE

712.1    If considered appropriate, the Director or the Director's designee shall schedule a fact-finding conference within twenty (20) work days of the date that a complaint is filed.

712.2    Within fifteen (15) days of the filing of a complaint, the office shall serve a notice of the complaint and a copy of the complaint on the respondent.

712.3    The Director or the Director's designee shall, at least seven (7) work days prior to the fact-finding conference, do the following:

(a)    Inform the parties of the date of the fact-finding conference; and

(b)    Inform the parties of their responsibility to provide the Director or the Director's designee with names of witnesses who will provide information at the fact-finding conference.

712.4    If a witness for a party is unable to attend the fact-finding conference, that party may request the witness to submit a notarized statement. The party shall deliver the statement to the Office no later than two (2) work days before the scheduled date of the fact-finding conference.

712.5    The purpose of the fact-finding conference shall be to provide for the rapid processing of charges that are narrowly defined and limited to allegations of direct harm to the charging party.

712.6    A record of the fact-finding conference shall be made either by a staff notetaker or through the use of other recording devices. If a settlement negotiation is initiated during the conference, the settlement discussions shall be confidential and off the record.

712.7    For purposes of this section, a "fact-finding conference" is an informal, investigative technique, not an adversary proceeding.

712.8    Each allegation of the charge shall be closely examined and fully discussed. Each party shall be allowed ample time to present and defend his or her position.

712.9    If counsel for respondent or complainant is present, counsel shall be limited to an advisory role and will not be permitted to speak for their clients. For cross-examination purposes, counsel may ask questions through the conference leader.

712.10    The fact-finding conference may be waived or suspended when it becomes apparent to the Director or the Director's designee that the remedy sought by the complainant may be achieved through a negotiated settlement.

712.11    A request for rescheduling a fact-finding conference shall be granted at the discretion of the Director or the Director's designee. A scheduled court appearance of counsel for either party, illness of either party, or other extenuating circumstances are factors that shall be considered in rescheduling a fact-finding conference.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6914-15 (November 7, 1986).

**713    FINAL INVESTIGATIVE REPORT**

713.1    When an investigation and fact-finding conference have been completed, the investigator shall, within thirty (30) days of the conference, write a final report of all fact-findings to date and recommend a final determination of probable cause or no probable cause.

SOURCE: Final Rulemaking published at 33 DCR 6909, 6915 (November 7, 1986).

**714    DIRECTOR'S DETERMINATION**

714.1    Upon receipt of a report and recommendation from the investigator, the Director shall determine whether there is probable cause to credit the complaint or whether there is no probable cause and the complaint should be dismissed.

SOURCE: Final Rulemaking published at 33 DCR 6909, 6916 (November 7, 1986).

**715    PROBABLE CAUSE DETERMINATION**

715.1    A finding of probable cause shall be based upon credible, probative, and substantial evidence which demonstrates a nexus between the harm complained of and the protected characteristic or activity of the complainant.

715.2    If the Director determines there is probable cause to credit the complaint, a written notice of the finding (letter of determination) shall be served on all parties, advising them of the opportunity to conciliate.

715.3    The letter of determination shall state the facts and applicable law which have been used as the basis for the probable cause determination.

715.4    Complainant and respondent shall be advised that they have thirty (30) days from receipt of the letter of determination to participate in a conciliation conference.

SOURCE: Final Rulemaking published at 33 DCR 6909, 6916 (November 7, 1986).

**716    CONCILIATION**

716.1    After the Director has issued the probable cause letter of determination to all parties, the parties shall be given notice of an opportunity to settle the complaint through conciliation.

716.2    If a conciliation conference is scheduled, it shall be for the purpose of discussing all relief appropriate under the D.C. Human Rights Act of 1977. The relief shall be in the form of compensatory relief or other remedies deemed appropriate and shall not include punitive damages.

716.3    At the conciliation conference and during the entire period conciliation, discussions on the merits of the complaint shall not be entertained.

716.4    If the endeavors to conciliate succeed, a written conciliation agreement shall be prepared by and executed between the parties, subject to the approval of the Director.

716.5    The conciliation agreement shall not constitute an admission by the respondent of any violation of the law, federal or local.

716.6    The terms of a conciliation agreement may require a respondent to refrain from committing specified discriminatory practices in the future, and, within the judgment of the Office, to take the affirmative action as will effectuate the purpose of the Act.

716.7    The terms of a conciliation agreement may also include consent by the respondent to the entry, in a court of competent jurisdiction, of a consent decree, embodying the terms of the conciliation agreement.

716.8    When a conciliation agreement has been fully executed, it shall be binding on all parties. The parties shall waive all rights to file a subsequent complaint based on issues which could have been included in the conciliation charge or based on issues arising out of the same facts addressed in the complaint.

716.9    If during conciliation efforts, respondent offers a remedy that would place complainant in the same position that complainant would have been in had the alleged discriminatory practice not occurred, and complainant refuses to accept the offer, and if the Director determines that the offered remedy would make complainant whole, the Director may order the complaint dismissed.

716.10   The period for conciliation shall extend for thirty (30) days from receipt of the notice inviting the parties to conciliate the complaint.

716.11   Conciliation shall be considered to have failed if during the thirty (30) day conciliation period respondent refuses to participate in conciliation or if respondent's offer of a remedy is such that it will not make complainant whole and complainant refuses to accept such an offer.

716.12   A complaint by either party alleging that the terms of a conciliation agreement are not being complied with shall be submitted to the Director for review.

716.13   Upon receipt of a charge of noncompliance with a conciliation agreement, the Director shall notify the party being charged with the noncompliance, and permit the party an opportunity to respond to the charge.

716.14   The Director shall review the charge of noncompliance, the conciliation agreement, and the response to determine whether the terms are being complied with.

716.15   If it is determined that the terms of a conciliation agreement are being complied with, the parties shall be notified and the complaint of noncompliance shall be dismissed.

716.16    If it is determined that the terms of a conciliation agreement are not being complied with, the party guilty of noncompliance shall be notified and given five (5) work days, after receipt of the notice, to comply. If the party fails to comply within the given time, the agreement shall be forwarded to the Corporation Counsel for enforcement.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6916-17 (November 7, 1986).

## 717    FAILURE OF CONCILIATION AND CERTIFICATION TO COMMISSION

717.1    If conciliation efforts fail, the Director shall certify the complaint to the D.C. Commission on Human Rights, with written notice to the parties that conciliation efforts were not successful.

717.2    As provided for under § 310 of the Act, D.C. Official Code, § 2-1403.10 (2001), the Office shall cause to be issued and served in the name of the Commission a written notice with a copy of the complaint, as the same may have been amended, requiring the respondent to answer the charges of the complaint at a public hearing.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6918 (November 7, 1986).

## 718    DISMISSAL FOR LACK OF PROBABLE CAUSE

718.1    If, upon receipt and review of a report and recommendation from the investigator, the Director determines that there is no probable cause to credit the complaint, the Director shall issue an order dismissing the complaint.

718.2    The Director shall serve a copy of an order dismissing the complaint for lack of probable cause on all parties and shall advise the complainant of the right to apply to the Director for reconsideration of the dismissal.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6918 (November 7, 1986).

## 719    RECONSIDERATION

719.1    A complainant seeking reconsideration of a dismissal under § 718.1 shall submit an application for reconsideration to the Director in writing, stating specifically the grounds upon which the request for reconsideration is based. The grounds shall be limited to new evidence, misapplication of laws, or misstatement of material facts.

719.2    If the request is not based on one of the grounds cited in § 719.1, or is not timely filed, the Director shall reject the application for reconsideration. A request for reconsideration shall be filed with the Director's office, in writing, within thirty (30) days from the receipt of the Director's letter of determination.

719.3    Upon receipt of application for reconsideration of the dismissal of a complaint under § 718.1, the Director shall send letters acknowledging receipt of the application for reconsideration to both complainant and respondent. Respondent shall also receive a copy of the grounds upon which complainant bases the request for reconsideration, and shall be given ten (10) work days from receipt of the information to file a response.

719.4    If, after review of a timely filed application for reconsideration, and the respondent's response to the application for reconsideration, the Director concludes that the complainant has not presented evidence that would warrant change, modification, or reversal of the prior dismissal, the Director shall affirm the original no probable cause finding.

719.5    If the Director concludes that the complainant has provided sufficient evidence to raise a genuine issue of law or fact, the complaint shall be reopened for further investigation.

719.6    If respondent adequately refutes the allegations presented in the application for reconsideration, the prior dismissal shall be affirmed and the parties notified.

719.7    If respondent fails to respond within the required time period or fails adequately to refute the allegations in the application for reconsideration, the complaint may be reopened for further investigation.

719.8    If, at the end of further investigation and after considering the record as a whole, the Director concludes that the complainant has not presented sufficient evidence to warrant a change of the prior dismissal, the prior dismissal shall be affirmed, and the parties notified in writing.

719.9    If the Director determines, after further investigation, that a prior dismissal should be reversed, the Director shall find probable cause to credit the complaint, and the parties shall be served with a detailed, written basis for the reversal and afforded an opportunity to conciliate.

**SOURCE:** Final Rulemaking published at 33 DCR 6909, 6918-19 (November 7, 1986).

**720**    **SUBPOENAS**

720.1    Subpoenas issued by the Director may require the following:

(a)    The attendance and testimony of witnesses;

(b)    The production of evidence including, but not limited to, books, records, correspondence, or documents in the possession or under the control of the person subpoenaed; and

(c)    Access to evidence for the purpose of examination and copying.



7-12

## Our Mission

The District of Columbia Office of Human Rights is the advocate for the practice of good human relations and mutual understanding among the diverse groups in the District. Its purpose is to secure an end to unlawful discrimination in Columbia by way of mediation, investigation, conciliation and education. To accomplish its mission, the Office enforces the D.C. Human Rights Act of 1977, as amended, as well as other local and federal laws and regulations on nondiscrimination, such as the D.C. Family and Medical Leave Act of 1990, D.C. Parental Leave Act of 1994, D.C. Language Access Act of 2004, Title VI of the Civil Rights Act of 1964, as amended, Title VII of the Civil Rights Act of 1964, as amended, (Equal Employment Opportunity Act), Title VIII of the Civil Rights Act of 1968, as amended, (Fair Housing Act), Age Discrimination in Employment Act of 1967 (ADEA), Equal Pay Act of 1963, and the Americans with Disabilities Act of 1990 (ADA).

**"Unlawful Discrimination" Defined:** The Office of Human Rights is charged with eradicating discrimination, as defined by local and federal statutes, on the basis of a person's actual or perceived race, color, sex, national origin, religion, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, and "place of residence or business." In accordance with the local and federal statutes, the Office also protects persons who have been victims of unlawful retaliation due to participation in protected Title VII-based activities.

Pursuant to the D.C. Human Rights Act of 1977, as amended, the "familial status" and "place of residence or business" bases are applicable only when alleging discrimination in housing, public accommodations and educational institutions. The basis of "place of residence or business" is "? of income" bases are applicable only when alleging discrimination in housing and public accommodations. "Genetic information" is applicable only if alleging discrimination in employment and public accommodations.

> *"Every individual shall have an equal opportunity to participate fully in the economic, cultural and intellectual life of the District and to have an equal opportunity to participate in all aspects of life..."*
>
> D.C. Official Code §2-1402.01

❶ **Intake**, counsels prospective complainants on the Office's functions and statutory responsibilities, evaluates the complainants' allegations of unlawful discrimination, and completes the forms and procedures necessary for the filing of the complaint;

❷ **Mediation**, a mandatory alternative dispute resolution program which, recruits, trains and oversees mediators who assist the parties to a complaint in reaching a voluntary settlement;

❸ **Investigation**, solicits and evaluates evidence provided by the complainant and respondent;

❹ **Legal**, prepares a written determination about whether or not there is probable cause to believe that the respondent has violated the Human Rights Act, as well as other federal anti-discrimination laws; responds to Freedom of Information Act (FOIA) requests from the public; interprets and creates policies and procedures for the Office and District; conducts in-house training to staff, Commission attorneys and interns; and assists in lawsuit representation; and

❺ **Fair Housing**, investigates fair housing discrimination complaints, conducts community education and outreach, and provides fair housing training.

\* OHR recruits for qualified volunteer mediators on an ongoing basis.

**The Commission on Human Rights:** The District of Columbia Commission on Human Rights adjudicates private sector complaints that have been found to have probable cause and have been certified by the Office of Human Rights. An administrative, trial-type hearing is conducted either before a hearing examiner or a panel of commissioners. Upon a finding of discrimination, the Commission may issue injunctive relief and award damages including front and back pay, compensatory damages, civil penalties, and attorney's fees. Appeals of all Commission decisions may be brought before the D.C. Court of Appeals.

**The Fair Housing Program:** The Fair Housing program investigates housing discrimination complaints brought under the Human Rights Act. In addition, the U.S. Department of Housing and Urban Development (HUD) designated the Office of Human Rights as a substantially equivalent agency for processing fair housing complaints filed under the Fair Housing Act of 1968, as amended. The Office's Fair Housing Program is located in Southeast Washington, D.C. in the Penn-Branch Municipal Services Center. Aside from conducting investigations, community education and outreach, the Fair Housing Program coordinates a Fair Housing Symposium each April during Fair Housing Month providing an opportunity and forum for the community, advocates and other professionals to address fair housing issues in the District.

**Language Access Program:** In April 2004, the District of Columbia government passed the Language Access Act of 2004 to provide greater access and participation in public services, programs and activities for residents of the District of Columbia with limited or no-English proficiency by requiring that District government agencies assess the need for and offer language services, as well as provide written translation of documents into any non-English language spoken by a limited or no-English proficient population that constitutes 3% or 500 individuals, whichever is less, of the population served or encountered. The Office of Human Rights and Language Access Director oversees, coordinates and supervises District government programs, services and departments in compliance with the Act.

## Our Organization

There are seven primary organizational functions of the Office of Human Rights:

**The Office of the Director,** sets overall policy and performance targets for the Office, promotes customer service and conducts conciliation after a determination of probable cause has been reached;

**Compliance, Education and Outreach,** educates District residents, employers, community groups, and other concerned parties about the Human Rights Act and federal anti-discrimination laws in order to prevent unlawful discrimination.