Leave to file GRANTED

*[signature]* 11/16/06

John D. Bates
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES M. BAGENSTOSE, )
    Plaintiff )
                               )
v.                              )   Civil Action No. 1:06CV01245(JDB)
                               )
GOVERNMENT OF THE DISTRICT )
OF COLUMBIA et al., )
    Defendants )

RESPONSE TO DEFENDANT EEOC'S REPLY TO PLAINTIFF'S
OPPOSITION TO EEOC'S MOTION TO DISMISS

    The Plaintiff had a difficult time reading and understanding the EEOC's Reply to his Opposition to EEOC's Motion to dismiss. It seems as though the EEOC strung together a set of illogical statements into one incoherent whole.

    To begin with, the Reply states that in paragraphs 6, 7, and 8 the Plaintiff's Complaint contains the contention that EEOC erred in the manner in which it conducted and adjudicated its substantial weight review of his OHR-filed administrative EEO complaint. Actually, the Plaintiff is unaware that a substantial weight review, whatever that is, was even conducted. There is no indication of that noted on the Dismissal and Notice of Rights; and while the cover letter from David Gonzalez says that the Plaintiff's case was reviewed, it doesn't say that it was a substantial weight review.

    Because Mr. Gonzalez told the Plaintiff long before he wrote his letter that the EEOC wouldn't investigate the Plaintiff's charges, it appears that his "careful review" consisted only of finding an excuse to close the case. It was a poor excuse, however, because Mr. Gonzalez was aware that the OHR knowingly, deliberately, and maliciously named the wrong complaint as causing

the retaliation so as to defeat the Plaintiff's claim.

Thus, it doesn't make any sense for the EEOC to say that the Court should dismiss the Plaintiff's "claims as to EEOC's substantial weight review," when the Plaintiff isn't even convinced that one was performed. The Plaintiff's complaint is that he wasn't allowed to file a complaint with the EEOC against the OHR, an arm of his former employer, the D. C. Government. The relief the Plaintiff is seeking is for the Court to order the EEOC to entertain all complaints as is required by law and not to reject some, because they "might impair the working relationship" between the EEOC and OHR.

Page 2 of the EEOC's Reply displays a dazzling contradiction. First it says that "Only Charges of Employment Discrimination Can Be Filed with EEOC." Then it says that "Commission has authority to investigate only a charge alleging an unlawful employment practice." The EEOC pamphlet, <u>Filing a Charge of Job Discrimination</u>, says that "It also is illegal to retaliate against an individual for filing a charge of discrimination, taking part in an investigation, or opposing discriminatory practices."

Also, on page 2 the EEOC's Reply states that the Plaintiff's charges against the OHR do not raise issues of discrimination. They do, however, raise issues of retaliation for the Plaintiff having filed a discrimination complaint. The Plaintiff taught for the D. C. Public Schools but was an employee of the D. C. Government. The OHR, moreover, is not an independent body, but rather is an agency of the D. C. Government. When, as an agent for the D. C. Government, the OHR acts in underhanded ways to deny a D. C. Government employee his or her right to impartial treatment, then it is acting in a retaliatory manner designed to protect the D. C. Government from financial liability.

The U. S. Supreme Court decision <u>Burlington Northern and Santa Fe Railway Co. v. White</u> (No. 05-259) says that illegal retaliation can take place if an employer's actions are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."

Consider, for example, the following OHR actions toward a D. C. Government employee:

> Instead of attributing retaliation to the complaint it was asked to investigate; the OHR attributed the retaliation to another complaint, concerning which the perpetrator was never notified by the OHR.
>
> Then it demanded that the employee prove that the perpetrator knew about the complaint that the OHR never told him about.
>
> To add insult to injury, the OHR conducted a "limited" hearing to prevent the D. C. Government employee-complainant from presenting his case and from showing that the perpetrator did know about the complaint which the OHR investigated.

Other improper OHR actions toward D. C. Government employees, who file discrimination complaints, may be found on pages 2-3 of the Plaintiff's Opposition pleading. These tactics are designed to dissuade other D. C. Government employees from filing complaints in violation of the <u>Burlington</u> decision cited above.

The OHR does not do any of these things to a complainant from the private sector. It is ridiculous for the Defendant to allege that the actions of the OHR, an arm of the D. C. Government, were not of a retaliatory nature against the Plaintiff for his having filed a discrimination complaint against his former employer.

On page 3 the Reply states that "even assuming plaintiff had filed a charge against OHR and EEOC initially accepted it, the charge eventually would have been dismissed." Perhaps so, but not if the EEOC properly investigated the actions of the OHR and acted in good faith. What the Reply

3

seems to be implying is that there are all kinds of ways to cheat a D. C. Government employee out of his right to due process.

On page 4 the Reply states that the "Plaintiff admits that he requested a substantial weight review and that EEOC conducted this review." As explained above, the Plaintiff isn't convinced that he received a substantial weight review. Rather, he believes that he got a predetermined decision to close the case based upon a deceptive premise.

The Plaintiff recognizes that the EEOC can close a case if an investigation fails to turn up any evidence that discrimination laws have been broken. But that is not the case here. There is plenty of evidence to support the Plaintiff's charges, but the EEOC refused to investigate. The Plaintiff prays that the Court will order the EEOC to investigate charges in the future, if the OHR as a D. C. Government agency retaliates against a D. C. Government employee for filing a discrimination complaint.

The Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss.

Respectfully submitted,

Charles M. Bagenstose
Pro se
1019 Butterworth Lane
Upper Marlboro, Maryland 20774
301-336-0622

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Defendant EEOC's Reply to Plaintiff's Opposition to EEOC's Motion to Dismiss was mailed, postage prepaid, to the following person on the 14th day of November, 2006:

Charlotte A. Abel
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N. W.
Washington, D. C. 20530

                                      Charles M. Bagenstose