UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES M. BAGENSTOSE, )
     Plaintiff )
)
v. )   Civil Action No. 06-1245(JDB)
)             and
GOVERNMENT OF THE DISTRICT )   Civil Action No. 00-0228(JDB)
OF COLUMBIA et al., )
     Defendants )
)
)

MOTION THAT A STATUS CONFERENCE BE SCHEDULED

    Although the Plaintiff would much prefer that a decision be rendered by the District of Columbia Court of Appeals before he moves on to the U. S. District Court, he was told by Mr. Alvin Johnson, the calendar clerk for the D. C. Court of Appeals, that it would be many months before his case is put on the calendar for a panel to decide. Mr. Johnson said that many factors are taken into consideration as to when a case is put on the calendar, including the nature of the appeal. Although it is understandable to the Plaintiff that the Court of Appeals would not like to pass judgment on the inappropriate actions of a Superior Court judge, it is nevertheless alarming to the Plaintiff that a judge can with impunity make false accusations about people who file discrimination or wrongful treatment complaints, which are serious enough to destroy careers and reputations. However, because it appears that the D. C. Court of Appeals may drag this case out forever, the Plaintiff wishes to move forward in the U. S. District Court.

    The Plaintiff has been trying very hard without success to obtain legal representation. The Plaintiff recognizes that he is ill-prepared to present a case to a jury. However, most lawyers--at least the ones the Plaintiff has spoken with--do not want to take on a case, which challenges the

1

RECEIVED
JUL - 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

inappropriate actions and deceptive practices of adjudicative bodies before which they may have to go in the future.

The Plaintiff meanwhile has been struggling with a dilemma. On the one hand, he doesn't wish to jeopardize his case in court. On the other hand, he feels a strong moral obligation to warn other D. C. Government employees about how the D. C. adjudicative bodies have set up procedures to deny them their right to due process when they file complaints. For example, if an employee is wrongfully discharged, he may pay a lawyer several thousand dollars to represent him before the D. C. Office of Employee Appeals (OEA). The lawyer knows that he can't win the case, because the OEA will employ tactics to make sure that he doesn't. Nevertheless, he performs competently, loses, pockets his fee and goes on his way; while the now former employee comes to realize that he has been had. The Plaintiff would like to prepare an expose in which he describes in full detail all of the deceptive and deceitful acts, which the D. C. adjudicative bodies employ to defeat the employees just as he plans to do before a jury.

Attached to this motion are the following items:

1. Some Deceitful Practices the D. C. Adjudicative Bodies Employ to deny D. C. Government Workers Their Civil Rights

2. Rulings Which Hopefully the U. S. District Court Will Make

3. Order stating that this matter may be reopened

The Plaintiff respectfully requests that a status conference be scheduled in the very near future.

Respectfully submitted,

*Charles M. Bagenstose*
Charles M. Bagenstose, Pro se
1019 Butterworth Lane
Upper Marlboro, Maryland 20774
301-336-0622

2

CERTIFICATE OF SERVICE

    I certify that on July 6, 2007, a copy of the foregoing Motion That a Status Conference be Scheduled was hand-delivered to the following person:

Phillip A. Lattimore, III, Section Chief
General Litigation Section III
Government of the District of Columbia
Office of the Attorney General
Sixth Floor South
441  4th Street, N. W.
Washington, D. C. 20001


                                                _____
                                                Charles M. Bagenstose

SOME DECEITFUL PRACTICES THE D. C. ADJUDICATIVE BODIES EMPLOY
TO DENY D. C. GOVERNMENT WORKERS THEIR CIVIL RIGHTS

Some of the deceitful practices the D. C. adjudicative bodies employ are as follows:

a. In handling the complaints of D. C. Government employees, the OHR does not notify the perpetrator of the discriminatory and/or retaliatory acts that a complaint has been filed. Instead, a third party is notified. This allows the perpetrator to claim lack of knowledge of the complaint and, therefore, innocent of retaliation.

b. When RIFing employees, the D. C. Government gives the affected employees instructions about the various courses of action which they can take. The instructions are so clear that a reasonable mind would have no cause to seek counseling about them. The instructions, however, deliberately leave out any mention of the fact that if an employee retires, he forfeits his right to appeal his termination. Then, if necessary, the employee is conned into retiring, thus unknowingly forfeiting his right to appeal his dismissal. While other courts of law have ruled against such deceptive practices, the D. C. courts have upheld them, thus permitting the D. C. Government to circumvent the civil rights laws of this country.

c. After an employee files a complaint with the District of Columbia Public Schools (DCPS) Equal Employment Opportunity Office (EEO) and his supervisor has retaliated against him for it, he may file a complaint with the OHR charging retaliation for the DCPS EEO complaint. If the OHR concedes that retaliation has taken place, it attributes the retaliation to the OHR complaint rather than to the DCPS EEO complaint which it was asked to investigate. This maneuver breaks the connection between the DCPS EEO complaint and the retaliation and places an impossible burden on the employee to prove that the supervisor knew about the OHR complaint, because the OHR never told him/her about it as it should have done.

d. Another device which the OHR employs to thwart the civil rights laws is the "limited" hearing, whereby a Complainant is not permitted to substantiate his complaint but must prove something the OHR has contrived, which it knows is impossible to prove. In the instant case the Complainant was not allowed to substantiate that the retaliation began with the DCPS EEO complaint but had to prove that the retaliation occurred because of his complaint about the retaliation against the DCPS EEO complaint. Although one D. C. Superior Court judge noted that the Complainant was entitled to a trial-type hearing, he nevertheless went along with the OHR's "limited" hearing.

1

    e. The officers of the D. C. adjudication bodies, including the courts, routinely lie, distort evidence, misstate the testimonies of witnesses, and ignore the applicable case law, as they seek to protect the D. C. Government from financial liability for its wrongdoings. An OHR Hearing Examiner, for example, stated in her report in the instant case that the Complainant attributed the retaliation he experienced to his OHR complaint.

    f. The D. C. adjudicative bodies, moreover, suppress whatever evidence a D. C. Government employee Complainant supplies to support his/her case. For example, in the instant case the OHR wouldn't accept a signed statement by the Jefferson Junior High School principal that she hadn't followed the RIF procedures, because her supervisor hadn't signed off on it. For another example, an OHR Hearing Examiner wouldn't allow the Complainant in the instant case to enter evidence that the School Without Walls principal lied when she testified that she didn't know about the DCPS EEO complaint and, therefore, could also have lied about not knowing about the OHR complaint.

These are but a few of the tactics employed by the D. C. adjudicative bodies that the Plaintiff hopes the U. S. District Court will rule against.

## RULINGS WHICH HOPEFULLY THE U. S. DISTRICT COURT WILL MAKE

Hopefully, the U. S. District Court will order the D. C. Government to do the following things:

a. Notify perpetrators of discriminatory and/or retaliatory acts directly rather than through intermediaries that a complaint has been filed.

b. Notify terminated employees in writing that if they retire or resign, they cannot appeal their terminations.

c. Make sure information given to terminated D. C. Government employees is truthful and accurate.

d. Grant terminated D. C. Government employees, who file complaints with the OHR, court-like hearings as prescribed by law.

e. Attribute a determination that retaliation has occurred to the complaint which was investigated and not to some other complaint.

f. Refrain from distorting, falsifying, and misrepresenting the testimonies of witnesses and the evidence.

g. Refrain from defaming complainants.

h. Refrain from arbitrarily excluding evidence or precedent court decisions that are relevant to the case, simply because they weaken the Government's arguments.

i. Refrain from reopening a case a second time, because the D. C. Government does not wish to respond to questions posed to it the first time.

j. Refrain from closing a case before it has run its full course so as to be able to deny any connection between the original incident and the final outcome.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES M. BAGENSTOSE,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br><br>Defendant. | Civil Action No. 00-0228 (JDB) |

## ORDER

In light of two parallel proceedings – an action in the Superior Court of the District of Columbia and an administrative proceeding before the District of Columbia Human Rights Commission – the Court stayed this matter on August 22, 2003, with the parties' joint consent and after several status conferences. The Court has since held two additional status conferences in this case. At neither conference have the parties expressed a readiness to move forward in this action, nor have they been able to provide an estimate as to when the parallel proceedings will be concluded. Accordingly, pursuant to the status conference held on this date and discussion with the parties, it is this 12th day of January, 2004, hereby

ORDERED that this case this case is DISMISSED WITHOUT PREJUDICE to reopening upon written motion by the plaintiff following resolution or other progress in the parallel proceedings; and it is further

-1-

ORDERED that this order shall be effective on January 23, 2004, unless either party files a written objection on or before that date.

/s/
JOHN D. BATES
United States District Judge

Copies to:

**Charles M. Bagenstose**
1019 Butterworth Lane
Upper Marlboro, MD 20774
(301) 336-0622

**Melvin W. Bolden, Jr.**
OFFICE OF CORPORATION COUNSEL, D.C.
441 Fourth Street, NW
6th Floor, North
Washington, DC 20001-4600
(202) 724-6650
Email: melvin.bolden@dc.gov